■ HELEN T. STELLA, Respondent, v CHARLES L. STELLA, Appellant. — In a matrimonial action, defendant appeals from (1) an order of the Supreme Court, Kings County (Duberstein, J.), dated January 6, 1982, which granted plaintiff's motion for reverse partial summary judgment in defendant's favor on his counterclaim for divorce based on abandonment, severed said cause of action and referred all ancillary matters to a referee for adjudication and (2) a judgment of the same court, dated January 20, 1982, which was entered thereon. Order and judgment reversed, in the interests of justice, with $50 costs and disbursements, motion denied, and leave is granted to defendant to amend his answer to delete his counterclaims for divorce on the ground of abandonment and/or cruel and inhuman treatment. Defendant may amend his answer within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. The granting of reverse partial summary judgment in favor of the nonmoving party in a nonconversion divorce action, leaving such ancillary matters as equitable distribution to be resolved at trial, is proper where the nonmoving party seeks a divorce and the moving party admits fault in accordance with section 211 of the Domestic Relations Law (see *Rauch v Rauch,* 91 AD2d 407). Where the nonmoving party does not request a divorce, an award of divorce against that party's express wish would frustrate public policy (see *Ross v Ross,* 84 AD2d 569, affd 55 NY2d 999). The record indicates that defendant attempted to delete his counterclaim for divorce in his response to a second pleading served by plaintiff. The second pleading served by plaintiff was actually a supplemental complaint. However, it was erroneously designated, in part, an "AMENDED COMPLAINT". Generally, an amended complaint supersedes the original pleading, the defendant's original answer has no effect, and a new responsive pleading is substituted for the original answer (see *Brooks Bros. v Tiffany,* 117 App Div 470; *Rifkind v Web IV Music,* 67 Misc 2d 26; cf. *Volpe v Manhattan Sav. Bank,* 276 App Div 782; see, also, 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.12). In contrast, a supplemental complaint does not supersede the original pleading and the answer which had already been served at the time the supplemental pleading was interposed remains in effect (see *Pimsler v Angert,* 1 AD2d 783; *Mauzer v Lamar Auto Co.,* 241 App Div 684; 3 Weinstein-Korn-Miller, NY Civ Prac, pars 3025.12, 3025.32). Since plaintiff's second pleading was, in fact, a supplemental complaint, defendant's answer to the original complaint, which contained counterclaims for divorce on the basis of abandonment and cruel and inhuman

treatment, remained in effect. We find that the counterclaims remained in the pleadings solely due to the poor draftsmanship of plaintiff's second pleading and the erroneous designation of said pleading as an amended complaint. As evidenced by the fact that the defendant's response to the erroneously designated complaint did not contain a counterclaim for divorce and merely requested in the wherefore clause, a judgment dismissing the "amended complaint", it is clear that defendant sought to delete his counterclaims for divorce and that a decree of divorce was against defendant's wish. Accordingly, under the circumstances of this case, the granting of a divorce in defendant's favor on plaintiff's motion for reverse partial summary judgment would violate public policy. Therefore, we exercise our discretion, in the interests of justice, and grant defendant leave to amend his original answer to delete the counterclaims interposed in said pleading. Additionally, we take judicial notice of the fact that a prior divorce action, commenced by plaintiff against defendant, in 1975, in the Supreme Court, Kings County, under Index No. 24471, was marked off the Contested Trial Calendar on March 31, 1977. Since the action was not restored to the calendar within one year thereafter, it is deemed abandoned pursuant to CPLR 3404. Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.