■ BEVERLY SPERTELL, Respondent, v CURTIS HENDRIX, Appellant. — Order, Supreme Court, New York County (Lane, J.), entered November 6, 1981, which, *inter alia,* granted plaintiff's motion to dismiss the affirmative defense of Statute of Frauds, unanimously affirmed, without costs or disbursements.

Order, Supreme Court, New York County (Lane, J.), entered February 3, 1982, which, *inter alia,* denied defendant's cross motion for leave to serve an amended answer, unanimously affirmed, without costs or disbursements. As Special Term aptly noted, an express agreement between a cohabiting unmarried couple to compensate one of the parties for services rendered in connection with such a venture is enforceable even without a writing. (*Morone v Morone,* 50 NY2d 481, 488-489; *McCall v Frampton,* 81 AD2d 607.) Thus, the affirmative defense of Statute of Frauds was properly dismissed. While we agree that defendant's subsequent cross motion for leave to serve an amended answer was properly denied, Special Term assigned an improper reason for its determination. It found that the application was moot since plaintiff's service of a supplemental complaint would require a new answer. An answer to a supplemental pleading, however, should be limited to a response to the new matter alleged. (See 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.32.) Since defendant sought leave to set forth a "more detailed" answer and to assert counterclaims to the causes of action alleged in the original complaint, his motion was not rendered moot by the grant of plaintiff's motion to serve a supplemental complaint. To the extent, however, that defendant was attempting to reassert the previously dismissed defense of Statute of Frauds and counterclaim of slander a grant of leave would have been improper. The other proposed affirmative defenses based on "public policy" are patently without merit, as is the objection that the complaint is defective as "vague and indefinite." The complaint is sufficiently stated to give notice of the transactions intended to be proven (see CPLR 3013). If the complaint were vague and indefinite, as alleged, defendant's remedy would have been to move against it. Since plaintiff is not required to plead the "performance or occurrence of a condition precedent in [the] contract" upon which her action is based (CPLR 3015, subd [a]) the affirmative defense based on plaintiff's failure to allege that consideration was actually rendered for defendant's promises is equally meritless. As for the counterclaim alleging assault, no excuse is offered for the failure to allege it in the original answer. Nor has defendant made any showing of merit with respect to such cause of action. (See *Levine Corp. v Gimbel Accessories,* 41 AD2d 637; *East Asiatic Co. v Corash,* 34 AD2d 432.) Concur —.Murphy, P. J., Sullivan, Carro, Milonas and Alexander, JJ.