548

■ HERBERT J. FEUER, Respondent, v HELEN D. FEUER, Appellant. — In a matrimonial action, the defendant wife appeals from (1) an order of the Supreme Court, Westchester County (Kelly, J.), entered May 10, 1982, which granted the plaintiff husband's motion to, *inter alia,* take the oral deposition of the defendant and denied her cross motion to, *inter alia,* compel the plaintiff to submit to a physical and mental examination, direct a hearing on his medical condition, stay all preliminary proceedings, and discover the plaintiff's medical and hospital records, (2) a judgment of the same court (Jiudice, J.), entered June 10, 1982, which, upon granting the plaintiff husband's motion for reverse partial summary judgment in favor of defendant wife, dissolved the marriage and severed the remaining ancillary issues for trial, and (3) so much of an order of the same court (Jiudice, J.), dated August 16, 1982, as upon reargument of the husband's motion for reverse partial summary judgment, adhered to the original decision and judgment. Order entered May 10, 1982, affirmed. Appeal from judgment entered June 10, 1982, dismissed. That judgment was superseded by the order dated August 16, 1982, made upon reargument. Order dated August 16, 1982, affirmed, insofar as appealed from. The trial of the ancillary issues raised in the pleadings is directed to be held forthwith. The plaintiff is awarded one bill of costs. The granting of reverse partial summary judgment in favor of the nonmoving party in a nonconversion divorce action, leaving such ancillary matters as equitable distribution to be resolved at trial, is proper where the moving party admits fault in accordance with section 211 of the Domestic Relations Law (*Stella v Stella,* 92 AD2d 589; *Rauch v Rauch,* 91 AD2d 407). The husband specifically admitted the material allegations of the wife's first counterclaim which are sufficient to establish grounds for divorce based on cruel and inhuman treatment. It was proper to award reverse partial summary judgment, but adequate precautionary measures should be taken to insure a fair and expeditious trial, including providing for a trial preference and/or a stay of the disposition of all marital assets pending trial (see *Rauch v Rauch, supra,* pp 410-411). Titone, J. P., Gibbons, Thompson and Rubin, JJ., concur.