■ COUNTY OF NASSAU, Appellant, v CEDRIC CONSTRUCTION CORP., Respondent, et al., Defendant. (And a Third-Party Action.) — In a contract action based upon liquidated damage clauses in two construction contracts, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), entered February 17, 1983, as denied that branch of its motion which sought, in effect, leave to enter a *default judgment against defendant Cedric Construction Corp.* upon its failure to serve an answer to an amended verified complaint. ¶ Order reversed insofar as appealed from, on the law and the facts, with costs, and the above-noted branch of plaintiff's motion is granted to the extent that it is entitled to a default judgment and an inquest on damages against defendant Cedric Construction Corp. (hereinafter Cedric) with respect to the "SECOND" and "THIRD" *causes of action in plaintiff's "AMENDED VERIFIED COMPLAINT"*, and that branch of the motion is otherwise denied on condition (1) that Cedric serve an answer to the causes of action in the "AMENDED VERIFIED COMPLAINT" other than the second and third causes of action and (2) that Cedric's attorneys personally pay to plaintiff the sum of $500. The time to comply with these conditions is extended until 15 days after service upon Cedric's attorneys of a copy of the order to be made hereon, with *notice of entry; if those conditions are not complied with, then that branch of the motion is granted in its entirety.* ¶ In 1977 and 1978, plaintiff, the County of Nassau (hereinafter county), entered into the two construction contracts with Cedric which are the bases of this action. Thereafter, on or about September 2, 1981, the county commenced this suit for liquidated damages under both contracts. The essential allegations of the complaint concern purported delays in finishing the work contracted for. Cedric interposed a verified answer, setting forth what are essentially general denials, three affirmative defenses and four counterclaims. ¶ On or about December 28, 1981, the county demanded a bill of particulars from Cedric. The bill was not forthcoming, and, by notice of motion dated January 16, 1982, the county moved against Cedric for an order of preclusion. That motion was apparently adjourned. In the meantime, on May 6, 1982, an "AMENDED VERIFIED COMPLAINT" was served on both defendants. Special Term (Oppido, J.), in an order dated July 2, 1982, granted the motion for an order of preclusion "on consent unless a Bill of Particulars is served within thirty (30) days after service of a copy of this order". When a bill of particulars still was not served, the county moved again, on or about August 17, 1982, for a preclusion order. This motion resulted in another 30-day conditional preclusion order, dated September 3, 1982 (Lockman, J.). By notice of motion dated December 3, 1982, the county moved for "summary judgment" based on Cedric's default in answering the amended verified complaint. The county also asked for summary judgment "dismissing each affirmative defense and each counterclaim on the ground taht [*sic*] CEDRIC is precluded from interposing any proof as to them by two outstanding orders of this Court". The motion was opposed in an affirmation from a member of the law firm representing Cedric. In his affirmation, he alleged that the bill of particulars was personally served on December 23, 1982. He argued that, in any event, the demand for a bill of particulars was "a nullity" because of the service of the amended verified

complaint. He also alleged that "the amended [verified] complaint * * * has been answered". The major portion of the remainder of his affirmation concerned the reasons for the delays in serving a bill of particulars and in responding to the amended verified complaint. Specifically, he alleged that the delays were caused by the complexity of the suit and intermittent periods of illness. ¶ The county rejected Cedric's bill of particulars and its answer to the amended verified complaint. ¶ Special Term (Roncallo, J.), in the order appealed from, denied the county's motion on the ground that "when the COUNTY served an amended complaint, which required the service of an amended answer, the original complaint and answer are treated as though they had never been served, rendering the demand for a bill of particulars a nullity". The order does not indicate why Special Term denied that branch of plaintiff's motion which was based on the absence of an answer to its amended verified complaint. ¶ The county's appellate brief does not specifically argue for a reversal based on the failure to timely serve a bill of particulars. At oral argument, the county's attorney stated that it was no longer pursuing that branch of its motion. Accordingly, we do not address the merits of Special Term's conclusion that "the demand for a bill of particulars [became] a nullity" upon service of the amended verified complaint. ¶ The county's motion for "summary judgment", predicated on the absence of a response to its amended verified complaint, was mislabeled. The correct motion to be brought by a plaintiff in this circumstance is for a leave to enter a default judgment under CPLR 3215. In this instance, we do not perceive any prejudice to Cedric arising from the mislabeling, and, accordingly, we deem the motion properly brought (CPLR 2001; *Pace v Perk,* 81 AD2d 444, 456). ¶ Cedric argues that it should not be penalized for failure to timely respond to the amended verified complaint, because judicial permission had not been granted for its service as required by CPLR 3025 (subd [b]). However, by failing to reject the amended pleading on this or any other basis, by retaining same, and by relying upon its service to excuse the failure to respond, e.g., to the plaintiff's demand for a bill of particulars, Cedric has effectively waived its right to rely upon the plaintiff's failure to obtain such leave as a ground for its failure to interpose a timely answer. Moreover, in our view, it would have constituted an abuse of discretion for Special Term to have denied leave in this case. ¶ CPLR 3025 provides that service of an answer or reply to an amended or supplemental pleading should be made within 20 days of service of the amended or supplemental pleading. It is true that this 20-day period may be waived by the court which grants permission for service of the amended or supplemental pleading (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:21, p 491). It may well be asked whether we can presume in this case that, if the plaintiff had asked for permission, Special Term would not have extended the time to serve an amended answer beyond the 20 days. Nonetheless, we can and do conclude that where the amended verified complaint was served in May and an answer was not forthcoming until plaintiff's motion, in effect, for leave to enter a default judgment was made, the answer was late. Accordingly, the question is whether plaintiff is entitled to a default judgment. ¶ We agree with plaintiff that the delay was caused by law office failure. Counsel for Cedric is not a one-attorney firm; one attorney's illness can hardly excuse the complete inactivity with respect to the demand. At the very least, a motion for an extension of time could have been brought. Furthermore, while the attorney's illness appears to have been serious, by his own admission he was working for a good part of the time between August and December of 1982. ¶ Nonetheless, plaintiff is not automatically entitled to a default judgment just because of the existence of law office failure. In recently enacting CPLR 2005 and 3012 (subd [d]) (L 1983, ch 318), the Legislature has made

clear that law office failure is but a factor to be evaluated with other factors in determining whether to accord relief to a defaulting party (see *La Buda v Brookhaven Mem. Hosp. Med. Center,* 98 AD2d 711). We do not believe, under these circumstances, that a default judgment is warranted with respect to the entire amended verified complaint. ¶ While the attorney's illness does not constitute an excuse for doing nothing, it still may be considered in evaluating the responsibility for the delay and the severity of the penalty to be assessed. Plaintiff does not allege, much less show, that it has been prejudiced by the delay. We are particularly impressed with the fact that even after service of its amended verified complaint, the county treated Cedric's previously served answer as being still in effect, by continuing to demand a bill of particulars. The amended verified complaint contains the allegations and claims of the original complaint and only adds two new, relatively unrelated, causes of action. The two additional causes of action, labeled "SECOND" and "THIRD" in the "AMENDED VERIFIED COMPLAINT", have nothing to do with a delay in construction but, rather, are concerned with the death of "certain plant material" and with allegedly defective "concrete joints". In actual fact, on this record, it is not even clear whether the so-called "AMENDED VERIFIED COMPLAINT" is really an amended complaint or, rather, a supplemental complaint (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.12). If it is the latter, the original answer remains in effect (see *Stella v Stella,* 92 AD2d 589; cf. *Abrams v Community Servs.,* 76 AD2d 765, 766). In any event, under the circumstances, we exercise our discretion by allowing defendant Cedric to answer all of the amended verified complaint, excepting the "SECOND" and "THIRD" causes of action. We note in this regard that while an affidavit of merit was not submitted by Cedric in opposition to the motion, its verified answer adequately sets forth evidentiary facts so as to suffice as an affidavit of merit (CPLR 105, subd [t]; *A & J Concrete Corp. v Arker,* 54 NY2d 870; *Bethlehem Steel Corp. v Solow,* 51 NY2d 870). ¶ Nonetheless, our discretion is limited. The "SECOND" and "THIRD" causes of action in the "AMENDED VERIFIED COMPLAINT" were not contained in the original complaint. In opposing the motion, Cedric did not provide an affidavit of merit which would indicate a possible meritorious defense to these claims. The verified answer cannot serve as a substitute for an affidavit of merit as to these claims, because nothing relevant to them is contained therein. The response to the amended verified complaint, which was served but rejected, is not part of the record. In sum, plaintiff is entitled to a default judgment on these two causes of action contained in the amended verified complaint because Cedric has failed to show a meritorious defense, which is necessary in order to relieve it from the consequences of its late response (see *Stolowitz v Mount Sinai Hosp.,* 60 NY2d 685; *Canter v Mulnick,* 60 NY2d 689). While we are permitting defendant Cedric to serve an answer to the amended verified complaint, with the exception of the "SECOND" and "THIRD" causes of action, we have fixed an appropriate sanction against Cedric's counsel (see *Wagenknecht v Government Employees Ins. Co.,* 97 AD2d 407). Titone, J. P., Gibbons, Thompson and Boyers, JJ., concur.