■ GARDEN STATE BRICKFACE COMPANY, Doing Business as GARDEN STATE BRICKFACE & STUCCO COMPANY, Appellant, v BEN STECKER et al., Respondents.—In an action, *inter alia,* to recover damages for breach of an employment agreement, and for an accounting, the plaintiff appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Queens County (Sacks, J.), dated September 23, 1986, which, *inter alia,* denied the plaintiff's motion for leave to enter a default judgment, for a protective order preventing the defendants from deposing certain individuals named in a notice dated May 3, 1985, and for an expedited trial, and which granted the cross motion of the defendants for the production of certain records, for the depositions of certain individuals named in the notice dated May 3, 1985, and for the further depositions of Larry Goldberger and Martin Zipern.

Ordered that the plaintiff's notice of appeal is treated as an application for leave to appeal from so much of the order as granted the defendants further depositions of Larry Goldberger and Martin Zipern, said application is referred to Justice Kooper and leave to appeal is granted by Justice Kooper; and it is further,

Ordered that the order is modified, by (1) deleting the provisions thereof which denied that branch of the motion which was for a protective order preventing the defendants from deposing certain individuals and substituting therefor a provision granting that branch of the motion, (2) deleting the provision thereof granting that branch of the cross motion which was for the depositions of certain individuals and substituting therefor a provision denying that branch of the motion, and providing that the defendants are only entitled to

further depositions of Larry Goldberger and Martin Zipern for one additional day, (3) adding a provision thereto that the defendants are only entitled to the production of all documents agreed to be produced by the plaintiff, and (4) adding a provision thereto striking the defendants' counterclaims; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff; and it is further,

Ordered that the plaintiff's time to produce the documents which it agreed to produce is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry, and the further depositions shall take place upon written notice of at least 10 days, or at such time and place as the parties may agree.

As has often been stated by this court, in the first instance a corporation may designate which of its officers, directors or employees shall represent it for the purposes of pretrial depositions (see, e.g., Federal Natl. Mtge. Assn. v New York Prop. Ins. Underwriting Assn., 90 AD2d 787; Rosner v Maimonides Hosp., 89 AD2d 847; Besen v C. P. L. Yacht Sales, 34 AD2d 789). Thus, the court erred when it ordered that all witnesses noticed for deposition by the defendants be produced by the plaintiff. We further note in this respect that the defendants have never asserted that the corporate representatives already deposed possessed insufficient knowledge or were otherwise inadequate (see, e.g., Rosner v Maimonides Hosp., supra; Besen v C. P. L. Yacht Sales, supra). Moreover, the court's March 31, 1986, order, made after a preliminary discovery conference, provides no support for the defendants' contention that the plaintiff stipulated to the production of all witnesses named in the defendants' notice to take depositions. Rather, the court's order merely sets forth a disclosure schedule requiring the parties to appear for depositions and to produce documents by certain dates.

We further hold that the Supreme Court erred when it ordered the production of all records demanded by the defendants during the deposition of the plaintiff's officers, Larry Goldberger and Martin Zipern. In their cross motion, the defendants sought only those records agreed to be produced. Since greater relief was granted to the defendants than was requested, we conclude that the order should be modified so as to require the plaintiff to produce only those records agreed upon. The Supreme Court correctly ordered, however, that Zipern and Goldberger each be produced for one more day of depositions. The records which are to be produced were requested by the defendants at their depositions and the defen-

dants should be given the opportunity to examine them concerning those documents.

That branch of the plaintiff's motion which was for leave to enter a default judgment was properly denied. However, the counterclaims interposed in the defendants' responsive pleading should have been stricken. An answer to a supplemental pleading should be limited to a response to the new matter alleged *(see,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.32; *see also, Spertell v Hendrix,* 93 AD2d 788, 789). In the case at bar, the counterclaims asserted are not responsive to matters alleged in the plaintiff's supplemental complaint and, moreover, could have been interposed in the defendants' original answer *(see, Spertell v Hendrix, supra).* In order to assert new matter in their answer which was not responsive to the plaintiff's supplemental complaint, the defendants should have, but did not seek leave of the court *(see,* CPLR 3025 [b]). Their counterclaims, which were asserted in violation of this rule, must therefore be stricken without prejudice to an application for leave to serve an amended answer. Mangano, J. P., Bracken, Lawrence and Kooper, JJ., concur.