■ CHEMICAL BANK, Respondent, v MARTIN A. GREENBERG et al., Appellants, et al., Defendants. LOUIS CAVELL et al., Proposed Additional Defendants Counterclaim-Respondents.—In an action to foreclose a mortgage on real property, the defendants Martin A. and Margaret C. Greenberg appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated February 25, 1986, as denied their cross motion to dismiss the supplemental complaint, granted that branch of the plaintiff's motion which was to strike their amended answer and granted the cross motion of the proposed additional defendants on the counterclaims to dismiss the Greenbergs' counterclaims insofar as they are asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendants Martin A. and Margaret C. Greenberg executed a mortgage upon their residence in Croton-on-Hudson, New York, to the plaintiff Chemical Bank on September 1, 1970. They failed to make the monthly payment due on May 1, 1980, and the bank sent a letter dated June 3, 1980, notifying the Greenbergs that it was accelerating the mortgage. This action for foreclosure of the mortgage and for sale of the premises was instituted by the bank in July 1980. Prior to trial, the parties settled the action in open court. This stipulation of settlement gave a judgment against the appellants in the amount of $91,000 to the bank and the appellants consented to a foreclosure sale of the premises to satisfy this judgment. The settlement also provided that the receiver, who had been appointed to collect rent from the appellants prior to the stipulation, was required to return the balance of that rent to the appellants.

The judgment of foreclosure was entered on July 11, 1984. However, the bank moved to vacate this judgment and for leave to serve a "supplemental" summons and an "amended" complaint on additional lienors. Apparently, the lis pendens on the property had been allowed to expire in July 1983 and, in the two-year interim prior to the judgment, Federal and State tax liens as well as additional judgments had been placed on the record.

Having no opposition to this motion, Special Term granted it on January 4, 1985. The bank served a "supplemental" summons and an "amended" complaint on the additional lienors as well as on the appellants. The appellants served an "amended" answer which was identical to their original answer except for certain counterclaims against the receiver and his counsel for return of the balance of the rent collected. Upon the plaintiff bank's motion, the appellants' cross motion and the cross motion of the proposed additional defendants on the counterclaims, Special Term struck the "amended" answer and dismissed the counterclaims against the receiver and his counsel. The defendants have contended that they were entitled to rely upon the designation of the complaint as "amended" in serving their "amended" answer. We disagree. Special Term properly determined that the "amended" complaint was actually a supplemental pleading which alleged facts which arose subsequently to service of the original complaint. For purposes of seeking leave to serve a "supplemental" or "amended complaint", such designations are immaterial to the court's determination under CPLR 3025. Therefore, it was unreasonable for the appellants to have

relied on the designation of the complaint as "amended", especially since it clearly had supplemented the original complaint by adding newly discovered lienors.

Therefore, Special Term properly granted that branch of the plaintiff's motion which was to strike the "amended" answer on the ground that an answer to a supplemental complaint must be limited to a response to the new matter alleged (see, Spertell v Hendrix, 93 AD2d 788; see also, Pimsler v Angert, 1 AD2d 783; County of Nassau v Cedric Constr. Corp., 100 AD2d 890).

Moreover, Special Term properly declined to dismiss the supplemental complaint because, under RPAPL 1311 (3), the newly recorded lienors had to receive notice and an opportunity to assert their claims in the action to enforce the plaintiff bank's senior mortgage (see also, C. G. Swackhamer, Inc. v P.F.L. Constr. Corp., 285 App Div 841).

Finally, Special Term correctly dismissed the counterclaims as against the receiver and his counsel since they were never served with process as required by CPLR article 3 in order to make them parties to the action. Nor was any order of the court obtained authorizing the assertion of the counterclaims against the receiver and his counsel. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.