GRATIA BOULAY et al., Respondents, v OLYMPIC FLAME, INC., Appellant.

Third Department, February 14, 1991

APPEARANCES OF COUNSEL

*James T. Viger (Robert M. Cohen* of counsel), for appellant.

*Capasso, Burns & Massaroni (Sven R. Paul* of counsel), for respondents.

### OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether a defendant who waives the defense of lack of personal jurisdiction by failing to include it in the answer to the original complaint can raise the defense in an answer to the amended complaint where the time within which to amend the original answer as of right has expired.

In April 1988 plaintiffs' process server delivered a copy of the summons and complaint to the owner of the property where defendant's restaurant was located. The complaint alleged that plaintiff Gratia Boulay had been injured on July 9, 1985 when she slipped and fell on loose carpeting at defendant's premises. The property owner delivered the summons and complaint to defendant in May 1988. Defendant's answer, which did not include lack of personal jurisdiction as an affirmative defense, was received by plaintiffs' counsel on June 3, 1988. Shortly thereafter a representative of defendant's insurance carrier advised plaintiffs' attorney that July 3, 1985 was the correct date of the accident, not July 9, 1985 as alleged in the complaint. The representative insisted that an amended complaint with the correct date be served, and plaintiffs' counsel did so on June 14, 1988. An amended answer, containing the affirmative defense of lack of personal jurisdiction, was served on July 5, 1988, two days after the Statute of Limitations had expired. Defendant moved to dismiss the complaint on the jurisdictional ground and Supreme Court held that defendant had waived the defense by answering the original complaint without having either moved to dismiss pursuant to CPLR 3211 (a) or raised the defense in the answer. The waiver became effective once the time to amend the answer as of right had passed, according to Supreme Court, and the waiver precluded defendant from raising the defense in the answer to the amended complaint. Defendant appeals.

Initially, we note that since defendant had served an answer to the amended complaint, a motion to dismiss pursuant to CPLR 3211 was improper (CPLR 3211 [e]). No objection was

raised at Supreme Court, however, with both parties and the court focusing instead on the merits of defendant's motion. We see no reason to interject the procedural impediment at this juncture, since it will serve no purpose other than to delay a resolution of the issue on the merits.

Defendant's argument on appeal is premised on the theory that its answer to plaintiffs' amended complaint was itself a pleading amended as of right, pursuant to CPLR 3025 (a), and that, as this court explained in *Naccarato v Kot* (124 AD2d 365, 366), "[a]n amendment to a pleading taken as of right * * * may contain an objection to personal jurisdiction not previously asserted, since such an amendment relates back in time to the original pleading". Defendant's argument is flawed from its inception, for the pleading in which lack of personal jurisdiction was asserted for the first time is not a pleading amended as of right pursuant to CPLR 3025 (a). When the second answer was served on July 5, 1988, the time within which to amend the original answer as of right had expired. Rather, this second answer was a responsive pleading to plaintiffs' amended complaint, as required by CPLR 3025 (d). Such an answer does not, in our view, relate back to the original answer in the same way as an amended answer as of right, since the subsequent answer responds to a different pleading than the one responded to by the original answer.

The relevant focus in these circumstances is not on the effect of the subsequent answer, but instead, on the effect of the amended complaint served by plaintiffs. It has been said that an amended complaint supersedes the original complaint and becomes the only complaint in the case *(Schoenborn v Kinderhill Corp.,* 98 AD2d 831, 832), raising the question of whether plaintiffs' service of an amended complaint in this case effectively negated the waiver occasioned by defendant's response to the original complaint. We conclude that this question should be answered in the negative.

In *Addesso v Shemtob* (70 NY2d 689), the defendants responded to the plaintiff's original complaint by promptly moving to dismiss for failure to state a cause of action, pursuant to CPLR 3211 (a) (7), and the plaintiff served an amended complaint as of right, pursuant to CPLR 3025 (a). The defendants' answer to the amended complaint, served pursuant to CPLR 3025 (d), included the defense of lack of personal jurisdiction, but the Court of Appeals held that the defendants had waived this defense by failing to include it in their motion to dismiss addressed to the original complaint.

Thus, it is clear that a plaintiff's service of an amended complaint does not negate a waiver of the defense of personal jurisdiction which arises out of a defendant's response to the original complaint. CPLR 3211 (e) provides that the defense of lack of personal jurisdiction "is waived if a party moves on any of the grounds set forth in [CPLR 3211 (a)] without raising such [defense] or if, having made no objection under [CPLR 3211 (a)], he does not raise such [defense] in the responsive pleading".

In *Addesso v Shemtob (supra,* at 690), the Court of Appeals said that "[t]here is no reason to depart from the statute's plain language even though the jurisdictional defect was asserted in a pleading made as of right in response to a complaint amended as of right by plaintiff". Although the waiver in *Addesso* occurred by reason of the failure to include the jurisdictional defect in a CPLR 3211 (a) (7) motion to dismiss the original complaint, we see no reason to reach a different conclusion where, as here, the waiver occurred by reason of defendant's failure to include the jurisdictional defect in the answer to the original complaint. The effect of the waiver should be the same irrespective of which of the two statutorily prescribed events gives rise to the waiver. Thus, while we agree with defendant that the *Addesso* holding does not affect the principle which permits the assertion of lack of personal jurisdiction in an answer amended as of right pursuant to CPLR 3025 (a) *(but see, DeFilippis v Perez,* 148 AD2d 490, 491-492), we are of the view that the *Addesso* holding is applicable here because defendant asserted the jurisdictional defense in an answer to an amended complaint, pursuant to CPLR 3025 (d), not in an answer amended as of right, pursuant to CPLR 3025 (a), and the time within which to amend the original answer as of right had expired.

MAHONEY, P. J., WEISS, MERCURE and HARVEY, JJ., concur.

Order affirmed, with costs.