■ BARBARA CARBONE et al., Plaintiffs, v CITY OF NEW YORK, Defendant, SNUG HARBOR CULTURAL CENTER, INC., Respondent, and STATEN ISLAND CHILDREN'S MUSEUM, Appellant.—In an action to recover damages for personal injuries, etc., the defendant Staten Island Children's Museum appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), entered June 11, 1989, which granted the motion of the defendant Snug Harbor Cultural Center, Inc. for reargument, and, upon reargument, granted summary judgment on its cross claim for indemnification against the Staten Island Children's Museum.

Ordered that the order is affirmed, with costs.

Prior to the making of a motion to reargue the denial of its summary judgment motion, Snug Harbor Cultural Center, Inc. (hereinafter Snug Harbor) made an oral application to amend its cross claim against the Staten Island Children's Museum (hereinafter the Children's Museum) to assert a breach of contract claim. The application was made upon the basis of an

agreement between Snug Harbor and the Children's Museum, which had just been admitted into evidence, containing a provision requiring the Children's Museum to obtain insurance naming Snug Harbor as an insured while the Children's Museum operated a fair on Snug Harbor's property. Since, as a general rule, leave to amend should be freely granted absent surprise or prejudice to the adverse party and since the Children's Museum failed to show any operative surprise or prejudice, the trial court did not improvidently exercise its discretion in allowing Snug Harbor to amend its cross claim (see, CPLR 3025 [d]; *Murray v City of New York,* 43 NY2d 400; *General Elec. Co. v Towne Corp.,* 144 AD2d 1003; *Schwartzman v Weintraub,* 100 AD2d 818).

Furthermore, since the agreement was neither too vague nor indefinite to be enforceable (see, *Young v Zwack, Inc.,* 98 AD2d 913) and since there no longer existed any material triable issues of fact, the court properly granted summary judgment in favor of Snug Harbor (see, *Zuckerman v City of New York,* 49 NY2d 557).

Finally, the court was correct in not deeming Snug Harbor's cross claim abandoned for failure to comply with 22 NYCRR 202.48 since Snug Harbor demonstrated "good cause" for its delay in submitting a proposed order following notice of the court's memorandum decision. Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.