■ MADISON-MURRAY ASSOCIATES, Respondent, v BARTON M. PERLBINDER, Appellant.—Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about June 21, 1988, which granted plaintiff's motion for leave to amend the complaint and denied defendant's motion for leave to file an amended answer and to increase plaintiff's bond, unanimously modified, on the law, to grant that portion of defendant's motion which sought leave to file an amended answer asserting a counterclaim based on plaintiff's alleged breach of the alterations clause of the subject lease, and otherwise affirmed, without costs.

We find that the court was within its discretion in permitting plaintiff to amend the complaint to assert additional allegations of breaches by defendant of the lease between the parties and to seek damages and injunctive relief. Such leave should be freely given (CPLR 3025 [b]). An examination of plaintiff's new claims reveals that questions of fact remain as to whether plaintiff's assertions, if true, constitute a breach on defendant's part of the alterations clause of the lease.

The single counterclaim which defendant is, on appeal, seeking leave to bring, was responsive to the new matter included in plaintiff's amended complaint and defendant was not required to seek leave of the court to assert it in its amended answer made pursuant to CPLR 3025 (d) (Garden State Brickface Co. v Stecker, 130 AD2d 707, 709). In any case, even if such leave were required, we find that the court erred in concluding that defendant's counterclaim should be precluded as palpably without merit. An examination of defendant's counterclaim reveals that questions of fact remain as to whether defendant's allegations, if true, constitute a breach

on plaintiff's part of the alterations clause of the lease. Concur—Sullivan, J. P., Milonas, Ellerin and Kassal, JJ.