◼ WESTINGHOUSE ELECTRIC SUPPLY COMPANY, Respondent, v PYRAMID CHAMPLAIN COMPANY, Appellant-Respondent, and R. P. BROSSEAU & COMPANY, Respondent-Appellant, et al., Defendants. (And Another Related Action.) [597 NYS2d 811] — Mikoll, J. P. Cross appeals from an order of the Supreme Court (Plumadore, J.), entered October 1, 1992 in Clinton County, which, *inter alia,* denied defendant Pyramid Champlain Company's motion to dismiss certain of defendant R. P. Brosseau & Company's cross claims.

---

This litigation arises out of work done or contracted to be done in the construction of a shopping center in the Town of Plattsburgh, Clinton County. Defendant Pyramid Champlain Company (hereinafter the owner) is the owner of the shopping center. Defendant R. P. Brosseau and Company (hereinafter the contractor), an electrical contractor, performed the electrical work at the shopping center pursuant to three contracts with the owner. Plaintiff (hereinafter the supplier) supplied the electrical material and equipment in connection with the project.

On June 11, 1987 the owner commenced a related action against the contractor charging the contractor with breach of one of the contracts for electrical work. The contractor answered and the supplier next brought the instant action against the contractor, the owner and others claiming, *inter alia,* that the contractor breached its contract for electrical supplies with the supplier and demanding, *inter alia,* payment for materials and equipment shipped to the contractor. The contractor's answer contained cross claims against the owner and other defendants. The owner answered and asserted cross claims against the contractor for, *inter alia,* indemnification and damages flowing from the contractor's alleged breach of contract with it. Subsequently, the owner served an amended answer with cross claims.

In January 1991 Supreme Court directed that all proposed amended pleadings be submitted to it by March 1, 1991. The contractor sent its proposed amended answer with cross claims to the owner on March 8, 1991. The owner rejected it for lateness and because of the failure to furnish "an affidavit of merit with respect to the proposed pleading". Supreme Court directed the owner to accept the contractor's March 8, 1991 proposed amended answer with cross claims. In January 1992 Supreme Court, *inter alia,* allowed the supplier leave to serve an amended complaint to assert that an agency relationship existed between the owners and the contractor. The order was silent as to whether the contractor could serve an amended answer with cross claims. In February 1992 the supplier served its amended complaint which the owner answered.

The contractor then served an amended answer with cross claims which the owner rejected because the contractor had not been granted permission to do so. Thereafter, Supreme Court, in an order entered October 1, 1992, denied the owner's motion to dismiss the contractor's cross claim Nos. 12 through 16. The owner had argued, *inter alia,* that the contractor did

not have permission to serve these cross claims and that permission should not be granted in the absence of an affidavit of merit containing an excuse for the long delay in asserting them. The October 1, 1992 order also granted the owner's motion to dismiss the contractor's punitive damages request with leave to renew the request at trial. The order further denied the owner's motion to compel the supplier's response to a second set of interrogatories and granted the owner's motion to compel the contractor to respond to the owner's first set of interrogatories.

The owner appeals from that part of the order which denied its motion to dismiss the contractor's cross claim Nos. 14, 15 and 16, denied its motion compelling the supplier to furnish further responses to its second set of interrogatories and allowing the contractor to raise the issue of punitive damages at trial. The contractor cross-appeals from so much of the order as granted the owner's motion to compel the contractor's response to the owner's first set of interrogatories.

Supreme Court correctly allowed the contractor to amend its answer and to assert additional cross claims against the owner without having formally moved for permission to do so. Pursuant to CPLR 3025 (d) the contractor had the right to amend its answer without moving (see, Boulay v Olympic Flame, 165 AD2d 191, 193; Infusino v Maggio, 24 AD2d 536; see also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:21, at 369). Also, in amending its answer in response to the supplier's amended complaint, the contractor could properly include the additional cross claims against the owner without seeking leave to do so (see, Felix v Tischler, 73 AD2d 609; but see, Walden v Nowinski, 63 AD2d 586). Here, there is no prejudice to any substantial right of the owner (see, State Univ. Constr. Fund v Aetna Cas. & Sur. Co., 169 AD2d 52, 54). The supplier's new allegation of an agency relationship between the contractor and the owner allowed the contractor to add cross claims against the owner of negligent misrepresentation, fraud and interference with work (the contractor's cross claim Nos. 14, 15 and 16) because the obligation to refrain from such activities grows out of the duty owing from a principal to its agent (see, 3 NY Jur 2d, Agency and Independent Contractors, §§ 217, 222; see generally, 84 NY Jur 2d, Pleading, §§ 236, 237). As amendments to pleadings are to be liberally granted where, as here, the adverse party cannot claim prejudice, there was no error in permitting the contractor to assert the added cross claims against the owner (see, Carbone v City of

*New York,* 184 AD2d 543; *East Patchogue Contr. Co. v Magesty Sec. Corp.,* 181 AD2d 714).

The owner's contention that cross claim No. 14, which alleges that the owner negligently misrepresented the nature and extent of the work to be done by the contractor, must be dismissed is not persuasive. The owner contends that the contractor has failed to allege that a special relationship existed between it and the owner and because the allegations arise out of breach of contract and fail to allege any duty extraneous to the contracts. It is true that, in order to establish a claim for negligent misrepresentation, the contractor must demonstrate that the owner had a duty, based upon some special relationship with it, to provide it with correct information, that the information was false or incorrect and that it reasonably relied on that information *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389; *Bower v Atlis Sys.,* 182 AD2d 951, 953, *lv denied* 80 NY2d 758; *RKB Enters. v Ernst & Young,* 182 AD2d 971, 972). The supplier, however, satisfies that requirement through its allegation that an agency relationship existed between the contractor and the owner indicating that a special relationship of trust and confidence above and beyond an ordinary business relationship may have existed *(see, Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417; *Bango v Naughton,* 184 AD2d 961, 963).

Also without merit is the owner's argument that cross claim No. 15 alleging fraud should have been dismissed because the alleged misrepresented facts (1) pertain to future rather than to past or present existing facts, (2) do not allege the breach of a duty extraneous to the contracts, and (3) fail to allege a causative connection between the alleged misrepresentations and the harm flowing from such misrepresentations. The contractor claims that when the owner "prepared the electrical specifications and the timetable for completing the electrical work" it "knew or should have known that the specifications were incomplete and that the completion of the electrical work could not have been completed within the time table". This sufficiently alleges "a representation of present fact, not of future intent" *(Citibank v Plapinger,* 66 NY2d 90, 94; *see, Deerfield Communications Corp. v Chesebrough-Ponds, Inc.,* 68 NY2d 954).

The owner's claim that cross claim No. 16 (for intentional interference with contractual relations) should have been dismissed because the acts on which it is based occurred at the latest in June 1987 and a claim was not interposed until

March 1992, more than three years after the Statute of Limitations had run, is well taken. A claim for intentional interference with contractual relations is governed by the three-year Statute of Limitations of CPLR 214 *(see, Fitzpatrick Constr. Corp. v County of Suffolk,* 138 AD2d 446, 449, *lv denied* 73 NY2d 807).

The owner's argument that Supreme Court improperly gave the contractor permission to renew the issue of punitive damages at trial is also meritorious. Punitive damages are not recoverable in an action for breach of contract. In order to recover punitive damages for tortious conduct the contractor must allege facts indicating that the owner acted in a "wanton, willful or malicious manner" *(RKB Enters. v Ernst & Young,* 182 AD2d 971, 973, *supra)* and that it (the contractor) seeks " 'to vindicate a public right or deter morally culpable conduct' " *(Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917, 921, *lv dismissed* 76 NY2d 936, quoting *Halpin v Prudential Ins. Co.,* 48 NY2d 906, 907). The allegations here do not rise to the required level of moral culpability *(see, Sabol & Rice v Poughkeepsie Galleria Co.,* 175 AD2d 555) and the acts alleged "constitute private wrongs for which punitive damages may not be recovered" *(RKB Enters. v Ernst & Young, supra,* at 973). The owner's motion to strike the punitive damages claim was properly granted but leave to renew the claim again at trial was error.

Supreme Court erred in denying the owner's motion for an order compelling the supplier to respond to its second set of interrogatories *(see, Hirschfeld v Hirschfeld,* 69 NY2d 842, 844). The supplier should have been directed to further respond to interrogatory Nos. 3 and 5 which seek specific information relating to individuals knowledgeable about the alleged agency relationship and the facts supporting the allegation *(see,* CPLR 3134 [a]; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406). The information furnished in response to the first set of interrogatories to these questions was too vague. The other interrogatories of the first set have either been sufficiently answered or request irrelevant information.

The owner's argument that Supreme Court improperly denied its motion to vacate the note of issue because the supplier's failure to respond to the second set of interrogatories makes it impossible for the owner to prepare for trial is moot in light of a December 16, 1992 Supreme Court order striking the note of issue.

Finally, the contractor's claim that Supreme Court erred in

granting the owner's motion to compel the contractor to provide further responses to the owner's first set of interrogatories because the owner did not seek further interrogatories within 10 days of their receipt is without merit. CPLR 3042 (d) is inapplicable because that statute applies a 10-day time limit within which a party is required to move against responses to a bill of particulars, not interrogatories.

Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as allowed defendant R. P. Brosseau & Company to renew the punitive damages issue at trial and denied defendant Pyramid Champlain Company's motion to dismiss Brosseau's cross claim No. 16 and compel plaintiff to further answer interrogatory Nos. 3 and 5 of Pyramid's second set of interrogatories 3 and 5; Pyramid's motion is granted to said extent, Brosseau's cross claim No. 16 is dismissed and plaintiff is compelled to further answer interrogatory Nos. 3 and 5 of Pyramid's second set of interrogatories; and, as so modified, affirmed.