[868 NYS2d 107]

William J. Mendrzycki, Respondent, v Frank P. Cricchio et al., Appellants.

Second Department, November 18, 2008

**APPEARANCES OF COUNSEL**

*Feldman, Kleidman & Coffet, LLP*, Fishkill (*Marsha Solomon Weiss* of counsel), for appellants.

*Kent, Hazzard, Wilson, Conroy, Verni & Freeman, LLP*, White Plains (*James C. Freeman* of counsel), for respondent.

**OPINION OF THE COURT**

McCARTHY, J.

On this appeal, we are presented with the principal question of whether a defendant may assert a statute of limitations defense for the first time in an answer served pursuant to CPLR 3025 (d) and responsive to an amended complaint served pursuant to CPLR 3025 (b), or whether such a defense is waived by not having been pleaded in the original answer to the initial complaint. We hold that such a defense is not waived as the answer presently under dispute, which was required by CPLR 3025 (d), constitutes an original answer to the amended complaint.

Complaining of abdominal pain, the plaintiff's decedent, Theresa M. Ward, was treated on June 8, 2000, by the defendant First Care Physician Associates, PLLC (hereinafter First Care), where she was examined by the defendant Dr. Frank P. Cricchio. Because the pain was not present at the time of the exam, Cricchio advised Ward to follow up if the pain recurred. Ward was subsequently treated several times at First Care by Cricchio's colleague, the defendant Lisa Valow-Picarello, complaining of, among other things, abdominal pain and fatigue. On June 18, 2001, Ward was examined by Valow-Picarello, and thereafter Valow-Picarello reviewed the results of a pelvic ultrasound, which Ward underwent on June 22, 2001.

In July 2001, Ward, upon a referral by a friend, was examined at Memorial-Sloan Kettering Hospital and diagnosed with colon cancer. A letter dated July 23, 2001, from a Memorial-Sloan Kettering physician to First Care, and addressed to Valow-Picarello, informed First Care of the diagnosis. On July 25, 2001, Valow-Picarello spoke to Ward by telephone and noted on Ward's chart, "emotional support given."

By filing a summons with notice on December 22, 2003, Ward commenced the instant action against First Care, Cricchio, and Valow-Picarello to recover damages for medical malpractice based on their failure to diagnose her colon cancer. In their separate answers, none of the defendants raised an affirmative defense based on the statute of limitations.

In November 2004, following Ward's April 2004 death from colon cancer, the Supreme Court granted the motion of the plaintiff, as administrator of Ward's estate, for leave to serve an amended complaint (see CPLR 3025 [b]), and thereafter the plaintiff served an amended complaint which differed from the original complaint only in its caption and in asserting a new cause of action for wrongful death. In response to the amended complaint, the defendants' answers, for the first time, each asserted an affirmative defense based on the statute of limitations. Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them as time-barred. The plaintiff cross-moved to strike the defendants' respective affirmative defenses based on the statute of limitations.

In the order appealed from, the Supreme Court, inter alia, granted that branch of the plaintiff's cross motion which was to strike the affirmative defenses of Cricchio and Valow-Picarello (hereinafter collectively the doctors) based on the statute of lim-

itations. The court determined that the doctors waived the statute of limitations defense by failing to assert it in their original answers to the initial complaint. Accordingly, the court also denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the doctors as time-barred. The defendants appeal from so much of the order as granted that branch of the plaintiff's cross motion which was to strike the doctors' respective affirmative defenses based on the statute of limitations and denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against Cricchio as time-barred.

Initially, First Care is not aggrieved by so much of the order appealed from as granted that branch of the plaintiff's cross motion which was to strike the doctors' affirmative defenses (*see* CPLR 5511). Accordingly, the appeal by First Care from that portion of the order must be dismissed.

We further conclude that the Supreme Court erred in granting that branch of the plaintiff's cross motion which was to strike the doctors' respective affirmative defenses based on the statute of limitations, but correctly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Cricchio as time-barred. Thus, we modify the order appealed from.

■ CPLR 3211 (e) provides in pertinent part, "[a]ny objection or defense based upon a ground set forth in paragraphs one, three, four, five and six of subdivision (a) is waived unless raised either by [a pre-answer motion to dismiss] or in the responsive pleading." Here, because the doctors' statute of limitations defense (*see* CPLR 3211 [a] [5]) was raised in responsive pleadings submitted pursuant to CPLR 3025 (d), we conclude that the defense was not waived. That statute provides, in pertinent part, that "there shall be an answer or reply to an amended or supplemental pleading if an answer or reply is required to the pleading being amended or supplemented" (CPLR 3025 [d]; *see Westinghouse Elec. Supply Co. v Pyramid Champlain Co.*, 193 AD2d 928, 930 [1993]; *Madison-Murray Assoc. v Perlbinder*, 188 AD2d 362 [1992]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:21). Although CPLR 3025 (d) is silent as to whether new affirmative defenses may be raised in an answer served under this subdivision, significantly, an amended complaint is deemed to supersede an original complaint, and thus, a defendant's

original answer has no effect (*see Chalasani v Neuman*, 64 NY2d 879 [1985]; *Elegante Leasing, Ltd. v Cross Trans Svc, Inc.*, 11 AD3d 650 [2004]; *O'Ferral v City of New York*, 8 AD3d 457, 459 [2004]; *John W. Cowper Co. v Buffalo Hotel Dev. Venture*, 99 AD2d 19, 23-24 [1984]; *Stella v Stella*, 92 AD2d 589 [1983]). As such, an answer to an amended complaint served pursuant to CPLR 3025 (d) is in fact an original answer to the amended complaint, and thus, affirmative defenses raised in that answer are not limited to those asserted in the original answer.

We recognize that plaintiffs may claim undue prejudice and surprise from the application of this rule. However, the primary focus is "the effect of the amended complaint served by plaintiff[ ]," rather than "the effect of the subsequent answer" (*Boulay v Olympic Flame*, 165 AD2d 191, 193 [1991]). Since an amended complaint supplants the original complaint, it would unduly prejudice a defendant if it were bound by an original answer when the original complaint has no legal effect. In contrast, a supplemental complaint, which is not at issue here,\* does not supersede the original complaint, but is "in addition to" it (*Pimsler v Angert*, 1 AD2d 783, 783 [1956]; *see Lovisa Constr. Co. v Facilities Dev. Corp.*, 148 AD2d 913, 915 [1989]; *Stella v Stella*, 92 AD2d 589 [1983]). In such circumstances, the original answer remains in effect (*see Stella v Stella*, 92 AD2d at 589), such that a defendant could not assert a new affirmative defense in its answer to the supplemental complaint unless it is responsive to the new matter alleged (*see Garden State Brickface Co. v Stecker*, 130 AD2d 707, 709 [1987]). Accordingly, we hold that a defendant may raise a statute of limitations affirmative defense for the first time in an answer to an amended complaint served pursuant to CPLR 3025 (d) (*see Boulay v Olympic Flame*, 165 AD2d 191 [1991]; *Stella v Stella*, 92 AD2d 589 [1983]; *see also Iacovangelo v Shepherd*, 5 NY3d 184, 186 n [2005]; *cf. Addesso v Shemtob*, 70 NY2d 689 [1987]).

Here, upon being served with an amended complaint, the doctors were required by CPLR 3025 (d) to respond, and because the amended complaint superseded the initial complaint, despite the doctors' failure to raise a statute of limitations affirmative defense in their original answers to that complaint, the

---

\* A plaintiff cannot avoid the application of this rule by simply denominating as a "supplemental" pleading one that asserts new injuries and a new category of damages, and which is therefore properly an amended pleading (*see Fuentes v City of New York*, 3 AD3d 549, 550 [2004]; *Pearce v Booth Mem. Hosp.*, 152 AD2d 553, 554 [1989]).

doctors did not waive their rights to assert that defense in their answers to the amended complaint. We note that, although the doctors' time to amend their original answers as of right pursuant to CPLR 3025 (a) had expired, and they did not move for leave to amend those answers pursuant to CPLR 3025 (b), they were not required to obtain leave to amend their answers, since the answers to the amended complaint were submitted pursuant to CPLR 3025 (d).

Thus, the Supreme Court erred in granting that branch of the plaintiff's cross motion which was to strike the doctors' respective affirmative defenses based on the statute of limitations as first raised in their answers to the amended complaints served pursuant to CPLR 3025 (d).

■ Turning to the defendants' motion for summary judgment, we find that Cricchio was not entitled to summary judgment dismissing the complaint insofar as asserted against him. A medical malpractice action must be commenced within $2^{1}/_{2}$ years from the date of the "act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure" (CPLR 214-a; see *Williamson v PricewaterhouseCoopers LLP*, 9 NY3d 1 [2007]; *Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]). As Cricchio conceded in his deposition testimony, patients treated at First Care were considered patients of the practice, not of a particular physician. Thus, the continuous treatment doctrine would toll the statute of limitations during Ward's treatment by any physician employed by First Care for her original condition or complaint (*see* CPLR 214-a; *Cardenales v Queens-Long Is. Med. Group, P.C.*, 18 AD3d 689, 690 [2005]). Here, the defendants established, prima facie, that the complaint was time-barred insofar as asserted against Cricchio by submitting evidence that he did not treat the plaintiff's decedent, Ward, for abdominal pain after June 8, 2000, which is more than $2^{1}/_{2}$ years prior to the commencement of the instant action on December 22, 2003. However, in opposition, the plaintiff raised a triable issue of fact as to whether Valow-Picarello's review of Ward's June 22, 2001, pelvic ultrasound—exactly $2^{1}/_{2}$ years prior to the commencement of the instant action—and her July 25, 2001, phone call to Ward, tolled the statute of limitations pursuant to the continuous treatment doctrine (*see Cardenales v Queens-Long Is. Med. Group, P.C.*, 18 AD3d at 690).

In light of our determination, we need not address the defendants' remaining contention.

Accordingly, the appeal by First Care from so much of the order as granted that branch of the plaintiff's cross motion which was to strike the doctors' respective affirmative defenses based on the statute of limitations is dismissed, as First Care is not aggrieved by that portion of the order (*see* CPLR 5511), and the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's cross motion which was to strike the doctors' respective affirmative defenses based on the statute of limitations and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from.

PRUDENTI, P.J., FISHER and DICKERSON, JJ., concur.

Ordered that the appeal by the defendant First Care Physician Associates, PLLC, from so much of the order as granted that branch of the plaintiff's cross motion which was to strike the respective affirmative defenses of the defendants Frank P. Cricchio and Lisa M. Valow-Picarello based on the statute of limitations, is dismissed, without costs or disbursements, as the defendant First Care Physician Associates, PLLC, is not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's cross motion which was to strike the respective affirmative defenses of the defendants Frank P. Cricchio and Lisa M. Valow-Picarello based on the statute of limitations and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.