Federal Natl. Mtge. Assn. v NB 1168 Realty, LLC (2025 NY Slip Op 00431)

Federal Natl. Mtge. Assn. v NB 1168 Realty, LLC

2025 NY Slip Op 00431

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-08675
 (Index No. 18271/08)

[*1]Federal National Mortgage Association, respondent,
v
NB 1168 Realty, LLC, et al., defendants, Nuchem Aber, defendant-appellant; 1168 Lybss, LLC, nonparty- appellant.

Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa of counsel), for defendant-appellant and nonparty-appellant.
Gross Polowy LLC (McCalla Raymer Leibert Pierce, LLC, New York, NY [Thomas Zegarelli and Adam Weiss], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nuchem Aber and nonparty 1168 Lybss, LLC, appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated August 30, 2022. The order, insofar as appealed from, granted the plaintiff's motion for leave to enter a default judgment and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 30, 2006, Alexander Aber executed and delivered to JPMorgan Chase Bank, N.A., a note in the amount of $533,850, which was secured by a mortgage encumbering residential property located in Brooklyn. Alexander allegedly defaulted on the monthly payments due under the note and mortgage on February 1, 2008, and thereafter. In June 2008, Chase Home Finance, LLC, commenced this action to foreclose the mortgage against, among others, Alexander.
By deed dated January 8, 2015, Alexander transferred title to the property to NB 1168 Realty, LLC (hereinafter NB). In an order dated July 20, 2016, the Supreme Court granted Federal National Mortgage Association (hereinafter the plaintiff) leave to serve a supplemental summons and an amended complaint, inter alia, to add NB as a defendant. NB timely interposed an answer to the amended complaint.
In April 2019, the plaintiff moved for leave to serve a second amended complaint, among other things, to add Nuchem Aber as a defendant. In an order dated June 18, 2019 (hereinafter the June 2019 order), the Supreme Court granted the motion without opposition. Thereafter, the plaintiff filed a supplemental summons and a second amended complaint, inter alia, adding Nuchem as a defendant. Subsequently, by deed dated November 28, 2019, NB transferred title to the property to 1168 Lybss, LLC (hereinafter Lybss).
In January 2020, the plaintiff moved for leave to enter a default judgment and for an order of reference. Lybss, as successor in interest to NB, and Nuchem (hereinafter together the appellants) opposed the motion, arguing that the second amended complaint was a legal nullity due to the plaintiff's failure to serve the motion for leave to serve the second amended complaint upon counsel of record for NB. In February 2022, the appellants moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the June 2019 order based on the failure to serve counsel of record for NB with the motion for leave to serve the second amended complaint. In an order dated August 30, 2022, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment and for an order of reference and denied the appellants' motion. This appeal ensued.
The sole issue raised on appeal by the appellants is their contention that the second amended complaint was, in fact, a supplemental complaint, and therefore, neither Lybss nor its predecessor in interest, NB, had to answer it, because NB's timely answer to the amended complaint was still in effect (see Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 403, 406; Mendrzycki v Cricchio, 58 AD3d 171, 174-175; County of Nassau v Cedric Constr. Corp., 100 AD2d 890, 892; Stella v Stella, 92 AD2d 589, 589-590). However, this contention was improperly raised for the first time in the appellants' reply to the plaintiff's opposition to their motion, among other things, to vacate the June 2019 order.
"'The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds for the motion'" Matter of Harleysville Ins. Co. v Rosario, 17 AD3d 677, 677-678, quoting Matter of TIG Ins. Co. v Pellegrini, 258 AD2d 658, 658; see Dannasch v Bifulco, 184 AD2d 415, 417). An argument raised for the first time in reply should not be considered unless there is an opportunity to respond and submit papers in surreply (see Grocery Leasing Corp. v P & C Merrick Realty Co., LLC, 197 AD3d 625, 627; Matter of Harleysville Ins. Co. v Rosario, 17 AD3d at 678).
It appears that, here, the Supreme Court declined to consider the appellants' contention raised for the first time in their reply to the plaintiff's opposition to their motion, inter alia, to vacate the June 2019 order, as the court did not address the contention in the order appealed from. The court properly disregarded the contention, as there is no indication in the record that the plaintiff had an opportunity to respond to the appellants' reply and to submit papers in a surreply.
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court