■ Rose Love, Appellant, v Port Authority of New York and New Jersey, Respondent.—Order, Supreme Court, New York County (David Edwards, J.), entered on or about September 18, 1989, which denied plaintiff's motion pursuant to CPLR 1001 to compel defendant to implead a third-party defendant, denied plaintiff's motion to disqualify defendant's counsel, and granted defendant's cross motion pursuant to CPLR 3212 for summary judgment, unanimously affirmed, without costs.

Plaintiff, an employee of United Airlines, was injured at the United terminal at Kennedy Airport. The lease between United Airlines and the Port Authority expressly disclaims any obligation of the Port Authority to keep the premises in good repair. Accordingly, the Port Authority owes no duty to the plaintiff (see, e.g., Lynch v Lom-Sur Co., 161 AD2d 885, 886; cf., Putnam v Stout, 38 NY2d 607). This conclusion is not affected by any provision of the Administrative Code of the City of New York since Port Authority functions as a State agency (Trippe v Port of N. Y. Auth., 14 NY2d 119), exempt from municipal regulation (Matter of Washington County Cease v Persico, 99 AD2d 321, affd 64 NY2d 923). The plaintiff has not shown that denial of summary judgment would be warranted for lack of adequate discovery (Goldheart Intl. v Vulcan Constr. Corp., 124 AD2d 507).

Plaintiff's motion to disqualify defendant's counsel is without basis, resting as it does on sheer speculation.

We have examined the remaining contention and find it to be without merit. Concur—Ellerin, J. P., Wallach, Smith and Rubin, JJ.