■ GERALD FELDER et al., Appellants, v LOUIS N. WANK et al., Respondents. (And a Third-Party Action.) [642 NYS2d 695] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Yoswein, J.), dated March 7, 1995, which, *inter alia,* granted the motion of the defendants for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

An out-of-possession landlord who is contractually obligated to make repairs or maintain the premises may be subject to liability for injuries caused to an individual on the premises (*see, Putnam v Stout,* 38 NY2d 607, 618; *Bettis v County of Nassau,* 212 AD2d 749). However, in the absence of a duty imposed by statute, a landlord's mere reservation of a right to enter a leased premises to make repairs is insufficient to give rise to liability for a subsequently arising dangerous condition (*see, Aprea v Carol Mgt. Corp.,* 190 AD2d 838).

Here, the plaintiff Gerald Felder alleges that the stairway on which he fell was inadequately lit because a light bulb was missing. The lease between the defendants, as landlord, and the third-party defendant, as tenant, specifically required the tenant "at its own cost and expense to make all repairs and replacements to the demised premises arising out of [t]enant's use and occupancy". Accordingly, under the facts of this case, there is no basis for imposing liability on the defendants, who were not in possession of the premises at the time of the accident (*see, Santiago v Gartenberg,* 178 AD2d 640, 641).

The plaintiffs' contention that there exist triable issues of fact because the defendants made prior inconsistent admissions in their pleadings and their response to the notice to admit is without merit. Since an amended pleading supersedes the original pleading, there were no prior inconsistent admissions made by the defendants (*see, St. Lawrence Explosives Corp. v Law Bros. Contr. Corp.,* 170 AD2d 957; *Stella v Stella,* 92 AD2d 589). Thompson, J. P., Joy, Krausman and Florio, JJ., concur.