(June 18, 1996)

BIG APPLE FOOD VENDORS' ASSOCIATION et al., Appellants, v CITY OF NEW YORK et al., Respondents. [644 NYS2d 216]

The IAS Court properly determined that the prohibition of Local Law No. 15 against the holding of multiple permits by a single individual or entity for the vending of food from sidewalk carts and vehicles on public space represents a reasonable exercise of the police power (see, Lighthouse Shores v Town of Islip, 41 NY2d 7, 11-12; Duchein v Lindsay, 42 AD2d 100, 102, affd 34 NY2d 636, appeal dismissed 419 US 809). The prohibition is a logical and reasonable outgrowth of the limitation placed on the maximum number of permits the New York City Department of Health is authorized to issue, established by Local Laws, 1983, No. 17 of the City of New York (see, Short Stop Indus. Catering Corp. v City of New York, 127 Misc 2d 363, 366), and therefore is rationally related to the legitimate interest of the City in enabling a broader spectrum of individuals and entities to obtain mobile food vendor permits and in preventing illegal trafficking in this City-conferred privilege (see, Good Humor Corp. v City of New York, 290 NY 312, 317; Huggins v City of New York, 126 Misc 2d 908, 909). The issue of "whether the legislation is the most efficacious means of

achieving the desired goal is not for the court to consider" (*Huggins v City of New York, supra,* at 910-911).

Nor did the IAS Court err in rejecting the contentions by plaintiffs that the multiple permit restriction of Local Law No. 15 violates their right to due process and equal protection of the law or constitutes a violation of the Takings Clause in that it allegedly deprives them of a constitutionally protected property right. Plaintiffs lack any protected property interest in renewing multiple mobile food vending permits in perpetuity (*see, Jones v Reagan,* 748 F2d 1331, 1338-1339, *cert denied* 472 US 1029; *Khalil v Spencer,* 143 Misc 2d 429). The City Council has the plenary power to define the scope of entitlement to mobile food vendor permits and the concomitant authority to enact new laws that redefine, alter or eliminate the scope of that entitlement (*see, Story v Green,* 978 F2d 60, 63; *Matter of Lap v Axelrod,* 95 AD2d 457, 459). Nor does the establishment of the borough-specific permits violate the Due Process Clause. Defendants' goal of ensuring that the boroughs outside of Manhattan are represented by permit holders and not underserved is a legitimate one, with implementation of the borough-specific permits rationally related to that end (*see, Good Humor Corp. v City of New York, supra*).

Plaintiffs' contention that Local Law No. 15 violates their rights to equal protection by according them less favorable treatment than those who vend in City parks or other restricted areas was also properly rejected by the IAS Court. Mobile food vendors who hold multiple permits are not members of any suspect class recognized by law (*see, City of New Orleans v Dukes,* 427 US 297). Furthermore, Local Law No. 15, which merely regulates the right to sell food in public places (Administrative Code of City of NY § 17-306 [e]), does not impinge upon any fundamental rights (*see, Story v Green, supra,* at 64). Moreover, mobile food vendors authorized to sell in City parks by the Department of Parks and Recreation are not exempt from the prohibition on multiple permit ownership set forth in Local Law No. 15, but rather are exempt only from the limitation on the maximum number of permits that the Department of Health may issue under the Administrative Code (*see,* 24 RCNY 6-03; *Short Stop Indus. Catering Corp. v City of New York, supra,* at 366).

We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Murphy, P. J., Milonas, Ross, Nardelli and Tom, JJ. *[See,* 168 Misc 2d 483.]