■ Louis D'Orlando et al., Respondents, v Port Authority of NY & NJ, Appellant, et al., Defendant. [674 NYS2d 382] —In an action to recover damages for personal injuries, etc., the defendant Port Authority of New York and New Jersey, sued herein as Port Authority of NY & NJ, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated October 1, 1997, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the appellant's motion which was for summary judgment is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

An out-of-possession landlord owes no duty to maintain and make repairs upon demised property unless he retains control over the property or is contractually obligated to perform such maintenance and repairs (*see, e.g., Ritto v Goldberg*, 27 NY2d 887, 889; *see also, Putnam v Stout*, 38 NY2d 607, 617; *Dalzell v McDonald's Corp.*, 220 AD2d 638; *Dufficy v Wharf Bar & Grill*, 217 AD2d 646; *Schlesinger v Rockefeller Ctr.*, 119 AD2d 462). However, the duty to maintain and repair may be imposed upon the landlord by statute (*see, e.g., Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559).

It is well established that there is no statute imposing a duty on the Port Authority of NY & NJ (hereinafter the appellant) to maintain and repair the various terminals that it leases to individual airlines at John F. Kennedy International Airport (*see, e.g., Love v Port Auth.*, 168 AD2d 222). Moreover, the lease between the appellant and Trans World Airlines, Inc. (hereinafter TWA), expressly relieves the appellant of any obligation to maintain and repair the area in question, where the plaintiff slipped on ice and snow, and which TWA admits was under its exclusive control (*see, e.g., Stark v Port Auth.*, 224 AD2d 681; *O'Gorman v Gold Shield Sec. & Investigation*, 221 AD2d 325; *Love v Port Auth., supra; see also, Felder v Wank*, 227 AD2d 442; *Aprea v Carol Mgt. Corp.*, 190 AD2d 838). The appellant's retention of a limited right to reenter the

leased premises to inspect and to make major structural repairs did not suffice to give rise to liability for a transitory snow-and-ice condition (*see, e.g., Felder v Wank, supra; Stark v Port Auth., supra; Aprea v Carol Mgt. Corp., supra*). Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.