(July 19, 2001)

■ JAY ZAPPEL, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent. [728 NYS2d 32] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered December 17, 1999, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated. Appeal from order, same court and Justice, entered May 4, 2000, which denied plaintiff's motion for "renewal/reargument," unanimously dismissed, without costs, as taken from a nonappealable paper.

This action arose as a result of plaintiff's injuries allegedly suffered when, in the course of his employment at a retail clothing outlet located on the World Trade Center Concourse, he tripped and fell down a stairway due to alleged failure of out-of-possession landlord-defendant Port Authority to properly maintain and repair the adjacent flooring and handrails. We find that the motion court erred in dismissing the complaint.

Plaintiff correctly asserts that the lease agreement raises triable issues of fact as to the degree of control that Port Authority retained over the premises. The record further supports the existence of such factual issues in that the parties' additional

evidentiary submissions conflict as to whether the Port Authority had actual notice of the defective conditions and as to the extent of its responsibility for maintenance and repair.

The decisions cited by defendant, in support of the contention that its status as an out-of-possession landlord is unaffected by the right of re-entry provided by the lease, either never addressed the issue or are factually distinguishable from the case at bar (*cf., e.g., Laster v Port Auth.*, 251 AD2d 204, *lv denied* 92 NY2d 812; *D'Orlando v Port Auth.*, 250 AD2d 805; *Stark v Port Auth.*, 224 AD2d 681; *Santiago v Port Auth.*, 203 AD2d 217, *lv denied* 84 NY2d 807; *Love v Port Auth.*, 168 AD2d 222).

Though denominated a motion for "renewal/reargument," plaintiff's motion was for reargument, since it failed to present any new evidence in support of renewal (*see, Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27, *lv denied in part and dismissed in part* 80 NY2d 1005); thus its denial is not appealable (*Grogan v City of New York*, 259 AD2d 240, 244). Concur—Sullivan, P. J., Rosenberger, Williams, Mazzarelli and Friedman, JJ.