■ MARIA DELEON, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [761 NYS2d 54] —Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered June 14, 2002, which denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff allegedly sustained personal injuries at JFK International Airport on June 18, 1998 as a crowd of people rushed toward an escalator, causing her to fall and to be trampled. In particular, plaintiff alleged that her injuries were caused due to overcrowding and improper crowd control and security at the subject terminal.

After discovery was completed, defendant moved for summary judgment on the grounds that it was an out-of-possession landlord and that plaintiff had failed to make out a prima facie case. Defendant sought to establish its status as an out-of-possession landlord through three leases, which were also introduced at the deposition of its lease administrator. These leases were also annexed to the affirmation of defendant's litigation counsel. The IAS court denied the motion, finding, inter alia, that defendant's lease administrator lacked personal knowledge of the subject event. We reverse.

It is well settled that a business entity may admit a business record through a person without personal knowledge of the document, its history or its specific contents where that person is sufficiently familiar with the corporate records to aver that the record is what it purports to be and that it came out of the entity's files (see First Interstate Credit Alliance v Sokol, 179 AD2d 583, 584 [1992]). Here, defendant's lease administrator had sufficient knowledge with regard to these leases since they were business records relating to her employment and she was familiar with defendant's record keeping procedures. In any event, merely attaching the subject leases to the attorney's affirmation was sufficient to admit the leases (see Mascoli v Mascoli, 129 AD2d 778 [1987]).

Once admitted, the express and unambiguous language of these leases reveals that defendant was an out-of-possession landlord with a limited right of reentry. As such, defendant is not liable to plaintiff for the conditions in the subject terminal

(*see Lopez v 1372 Shakespeare Ave. Hous. Dev. Fund Corp.*, 299 AD2d 230, 231 [2002]; *Love v Port Auth. of N.Y. & N.J.*, 168 AD2d 222 [1990]; *cf. Zappel v Port Auth. of N.Y. & N.J.*, 285 AD2d 389 [2001]).

In light of the foregoing, we need not reach the issue of whether plaintiff stated a prima facie case of negligent crowd control. Concur—Buckley, P.J., Andrias, Saxe, Lerner and Marlow, JJ.