**Dan ROSSI, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK; Rudy Washington, as Deputy Mayor; Barbara Turkowitz, as Counsel to the City Council; James J. Morris, individually and as Director of Inspections, Dept. of Health; Rudolph Giuliani, as Mayor, Defendants–Appellees.**

No. 02–9175.

United States Court of Appeals, Second Circuit.

Sept. 9, 2003.

Michael D. Tryon, Tryon & Pascale, Garden City, NY, for Plaintiff–Appellant.

Tahirih M. Sadrieh, (Edward F.X. Hart, of counsel, on the brief), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Appellee, of counsel.

Present: WINTER, B.D. PARKER, Circuit Judges, and DRONEY,\* District Judge.

## SUMMARY ORDER

Plaintiff-appellant Dan Rossi, an owner and operator of street vending carts, appeals from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*) dismissing Rossi's claim that the City of New York selectively enforced its pushcart vending laws against him in violation of the Equal Protection Clause of the Fourteenth Amendment. U.S. Const. amend. XIV, § 1. On appeal, Rossi principally argues that summary judgment was inappropriate because material issues of fact existed as to whether the City enforced its vending laws against him and not other vendors. This selective enforce-

\* The Honorable Christopher F. Droney, United States District Court for the District of Connecticut, sitting by designation.

ment was alleged to constitute retaliation for Rossi's political activities in 1993 and 1994, principally, his organization of demonstrations against the City's decision to close more than 90 streets to pushcart vendors and his opposition to alleged mismanagement of a City program ostensibly designed to help veterans enter the pushcart vending business.

"A motion for summary judgment must be granted where 'there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law.'" *Harlen Assocs. v. Inc. Vill. of Mineola,* 273 F.3d 494, 498 (2d Cir.2001) (quoting Fed.R.Civ.P. 56(c)). "Although all inferences must be drawn in favor of the nonmoving party, mere speculation and conjecture is insufficient to preclude the granting of the motion." *Id.* at 499. In order to survive a motion for summary judgment in a selective enforcement action, a plaintiff must provide evidence that laws were not applied to him in the same way as they were to similarly situated individuals and that this different treatment was irrational and intentional. *Village of Willowbrook v. Olech,* 528 U.S. 562, 565, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000); *Harlen Assocs.,* 273 F.3d at 499.

Rossi first argues that the City selectively enforced its vending laws with regard to vendors who sought permits to sell food on property under the jurisdiction of the City's Department of Parks and Recreation. In 1996 Rossi bid for and won a contract to operate multiple pushcarts in the City's parks. Despite the contract, the Department of Health ("DOH") refused to issue the necessary permits to Rossi, who already owned one permit, because Local Law 15 of 1995 prohibited the issuance of multiple permits to a single vendor. According to Rossi, the City granted permits allowing other vendors to sell on Parks Department property.

■ The district court concluded that it lacked jurisdiction over this claim under the *Rooker–Feldman* doctrine, apparently reasoning that addressing this aspect of Rossi's selective enforcement claim would disturb prior state court proceedings. *See, e.g., A.J.M. Business Services, Inc. v. City of New York* (Index.No. 103957/1999, J. Gangel–Jacob, March 19, 1999); *Precision Carts Vending, Inc. v. City of New York,* 250 A.D.2d 396, 672 N.Y.S.2d 346 (1st Dep't) (holding that the DOH's issuance of multiple permits for vending in City parks would be illegal because it would contradict Local Law 15 of 1995), *lv. denied,* 92 N.Y.2d 815, 683 N.Y.S.2d 759, 706 N.E.2d 747 (1998); *Big Apple Food Vendors' Ass'n v. City of New York,* 228 A.D.2d 282, 644 N.Y.S.2d 216, 218 (1st Dep't 1996) ("[M]obile food vendors authorized to sell in City parks by the Department of Parks and Recreation are not exempt from the prohibition on multiple permit ownership set forth in Local Law No. 15 ...."), *lv. denied,* 89 N.Y.2d 807, 655 N.Y.S.2d 887, 678 N.E.2d 500 (1997). Apart from *Rooker–Feldman* considerations, however, Rossi failed to adduce evidence that any other vendor received *multiple* permits to sell food on Parks Department property. For this reason, Rossi's contention fails.

■ Next, Rossi contends that, in retaliation for political activities that offended City officials, DOH inspectors refused to approve the pushcarts he manufactured unless he personally appeared at the carts' inspection and threatened legal action. But Rossi does not point to other, ostensibly similarly-situated cart manufacturers who experienced an easier time with inspections. Instead, Rossi apparently compares only his own experiences with inspections, before and after he purportedly earned the enmity of the City officials. Under *Village of Willowbrook,* 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060, and

*Harlen Associates,* 273 F.3d 494, the comparison is an insufficient evidentiary basis for the contention that the inspections reflected selective enforcement.

■ Rossi also maintains that the DOH issued multiple permits to individual vendors to sell food on property owned by the Port Authority, while refusing him multiple permits to sell in public spaces. This contention overlooks the fact that the Port Authority is a joint state agency of the State of New York and the State of New Jersey and, therefore, not subject to DOH regulations. *See Love v. Port Authority of New York & New Jersey,* 168 A.D.2d 222, 562 N.Y.S.2d 110, 111 (1st Dep't 1990) ("Port Authority functions as a State agency exempt from municipal regulation" (internal citation omitted)). DOH's limitations on public-space permits did not apply to vendors on Port Authority property. Since Rossi never applied for a permit to sell on Port Authority property, for purposes of a selective enforcement claim he is not similarly situated to those who did.

■ Rossi argues that he was treated differently than other vendors because the DOH would not allow his wife and children, who were officers of his companies, to own permits. Local Law 15 of 1995, however, prohibits permit-ownership by officers or principals of companies that already own permits. According to Rossi, he inquired of the DOH whether his family members could resign their positions and obtain permits but was told that his family could not obtain permits in that manner because Rossi would still have an "interest" in them. In support of his claim of selective enforcement, Rossi points to evidence of other permit-owners who have the same surname and the same address claiming that the City discriminated against him by refusing to assist his attempt to avoid compliance with Local Law 15. This contention does not provide an evidentiary basis for a selective enforce-

ment claim since it is not, without more, indicative of the intentional, disparate application of Local Law 15 to similarly-situated individuals.

■ Finally, Rossi argues that the City's failure to enforce its vending laws against other vendors is an indication that the City inconsistently applied its laws to him. Since Rossi does not point to any laws that he violated and for which he was punished, however, again he does not demonstrate impermissible selective prosecution.

We have considered the appellant's other contentions and find them to be without merit. Accordingly, we AFFIRM the district court's grant of summary judgment and dismissal of Rossi's complaint.