■ JOSEPH L. SEAWRIGHT, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Appellants. [937 NYS2d 234]—

Liability may be imposed on an out-of-possession landlord for injuries which occur on leased premises only where "an out-of-possession landlord has a duty imposed by statute or assumed by contract or a course of conduct" (*Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18 [2011]). Here, where the complaint sounds in common-law negligence and does not allege the violation of a statute, the defendant established, prima facie, that it was an out-of-possession landlord which had no duty to

remove snow and ice from the subject premises (*see Santos v 786 Flatbush Food Corp.*, 89 AD3d 828 [2011]; *Thompson v Port Auth. of N.Y. & N.J.*, 305 AD2d 581 [2003]; *D'Orlando v Port Auth. of NY & NJ*, 250 AD2d 805 [1998]; *Stark v Port Auth. of N.Y. & N.J.*, 224 AD2d 681 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact. Moreover, that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it was not premature, since the plaintiff failed to demonstrate that additional discovery might lead to relevant evidence, or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the defendant (*see Martinez v Kreychmar*, 84 AD3d 1037 [2011]; *Davis v Rochdale Vil., Inc.*, 83 AD3d 991 [2011]; *Deleg v Vinci*, 82 AD3d 1146 [2011]; *Rainford v Sung S. Han*, 18 AD3d 638 [2005]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]). Dillon, J.P., Eng, Austin and Miller, JJ., concur.