# IN THE COURT OF APPEALS OF IOWA

No. 4-026 / 13-0536
Filed February 19, 2014

**ANTHONY BROWNE,**
Plaintiff-Appellant,

**vs.**

**CITY OF IOWA CITY,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Mitchell E. Turner, District Court Judge.

Appellant appeals from the district court's dismissal of his lawsuit against Iowa City. **AFFIRMED.**

Anthony Browne, Iowa City, appellant pro se.

Susan Dulek, Assistant City Attorney, City Attorney's Office, Iowa City, for appellee.

Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**MCDONALD, J.**

Anthony Browne initiated legal action against the City of Iowa City after the city denied his application for a mobile-vending-cart permit. Browne's petition was in two counts: the first, a certiorari action in which he requested the court declare the city's permitting process illegal and order the city to proceed with a new permitting process; the second, an action arising under 42 U.S.C. § 1983 alleging the city violated his due process rights. The district court annulled the writ of certiorari on count one, granted summary judgment on count two, and dismissed Browne's suit.

Browne was one of eight applicants vying for six available permits to operate a mobile food cart in downtown Iowa City. The city created an objective matrix to score the applications. One criterion in the matrix was past satisfactory experience working with Iowa City. Because Browne had no past experience with the city, he received a low score on this criterion and ultimately finished seventh among the eight applicants. The city notified the applicants of its permitting decision and provided the applicants with all communications, including emails, regarding the process as well as the completed scoring matrices. Browne appealed the decision to the city council and had the opportunity to be heard. At his appeal before the city council, Browne essentially argued the permitting process was unfair because the franchise he was hoping to establish, Hillery's BBQ, had successful mobile vending operations in other cities for which he did not receive credit. The city council denied the appeal.

In the district court and now on appeal, Browne contends Iowa City violated his due process rights by, among other things, including what he calls the "seniority" criterion into the scoring matrix or not giving him credit for experience working in other cities. In two thorough and well-reasoned rulings, the district court ruled adversely to Browne. We review the district court's rulings for correction of errors at law. *See Estate of Harris v. Papa John's Pizza*, 679 N.W.2d 673, 677 (Iowa 2004); *State Pub. Defender v. Iowa Dist. Ct.*, 633 N.W.2d 280, 282 (Iowa 2001).

After thorough review of the record and the arguments of the parties, we conclude the district court did not err in annulling the writ and granting Iowa City's motion for summary judgment. Browne has no constitutionally protected liberty or property interest in his unilateral expectation to receive a mobile vending permit. *See Bd. of Regents v. Roth*, 409 U.S. 564, 577 (1972); *Hawkeye Commodity Promotions, Inc. v. Vilsack*, 486 F.3d 430, 440 (8th Cir. 2007); *Big Apple Food Vendors' Ass'n v. City of New York*, 644 N.Y.S.2d 216, 218 (N.Y.A.D. 1996) (holding there is no "protected property interest in renewing multiple mobile food vending permits"); *Triple A Servs., Inc. v. Rice*, 545 N.E.2d 706, 714-15 (Ill. 1989) (holding that mobile food vendor licensee had no property interest in license, that municipality had legitimate interest in prohibiting or restricting food vendor licensee operations, and that licensee was not entitled to any notice or hearing prior to change in ordinance prohibiting mobile food vendor operations). Even assuming Browne had such an interest, Browne was afforded appropriate process, including notice, full disclosure of all city communications

regarding the permitting process, and the opportunity to be heard. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950); *Lewis v. Jaeger*, 818 N.W.2d 165, 181 (Iowa 2012) (providing the party should be provided notice and opportunity to be heard); *Triple A Servs.*, 545 N.E.2d at 714-15. The city's denial of Browne's application according to its scoring matrix, including the use of the "seniority" criterion, was neither arbitrary nor capricious. *See City of New Orleans v. Dukes*, 427 U.S. 297, 304-05 (1976) (holding the city's exclusion of all pushcart food vendors from operating in a certain part of the city except for those vendors who had been in continuous operation for eight or more years not unconstitutional); *Blumenthal Inv. Trusts v. City of West Des Moines*, 636 N.W.2d 255, 265 (Iowa 2001).

We have considered the remainder of Browne's substantive arguments, which are primarily all permutations of his central argument, and we find them to be without merit:

> Any right plaintiff has to earn a living through a food cart, like other intangible employment rights, arises from state law and does not spring from the fundamental guarantees of the Constitution. Municipalities in the United States have a history of stringently regulating or even prohibiting food cart vendors; thus, the right to freely operate a food cart is not "deeply rooted" in our Nation's history and traditions. Nor is the right to freely operate a food cart implicit in our concept of ordered liberty. Therefore, the court finds that plaintiff fails to allege a property right that is protected by the Constitution and does not state a substantive due process cause of action as a matter of law.

*Diaz v. City of Scranton*, 2012 WL 3597192, at *4 (M.D. Pa. Aug. 20, 2012).

Finally, we reject Browne's claim that the district court abused its discretion in denying Browne's motion to amend his petition to assert a

declaratory judgment action. *See Daniels v. Holtz*, 794 N.W.2d 813, 824 (Iowa 2010) ("We reverse a district court's denial of a motion to amend only when a clear abuse of discretion is shown."). Browne's proposed amended petition was futile; it merely reasserted claims the district court already had decided adversely to Browne.

Pursuant to Iowa Court Rule 21.26(1)(d) and 21.26(2), the judgment of the district court is affirmed.

**AFFIRMED.**