*340 OPINION OF THE COURT
William J. Giacomo, J.
Factual and Procedural Background
On October 24, 2013, plaintiff commenced this tax lien foreclosure on a residence located at 100 Wildey Street, Tarry-town, New York. In August 2013, plaintiff sent Pena, via certified mail, notice of the foreclosure action. The certified mail was returned by the post office as undeliverable because the premises were vacant.
On November 4, 2013, defendant Pena was allegedly personally served at 8 Hanford Place, Tarrytown, New York. The person served is described as a female with light brown skin, white hair, aged 65, with a height of five feet, zero inches to five feet, three inches, and weighing 140 to 150 pounds. Pena neither answered nor appeared in the action. However, on November 18, 2013, Pena called plaintiffs attorney and spoke with him regarding paying off the lien so she would not lose her home. At that time, Pena told plaintiffs attorney that she lived at 100 Wildey Street and it was not vacant and to forward all future communication to her at that address.
On June 12, 2014, plaintiff amended his complaint to correct the caption and properly name as a defendant “Wells Fargo Bank, N.A., f/k/a Peoples Westchester Savings Bank.” The amended complaint was served only upon the bank defendants but never served on Pena or the Village of Tarrytown.
The property was sold at auction on October 1, 2015.
Pena now moves to vacate the judgment of foreclosure and sale and to dismiss the amended complaint. In support of her motion, Pena argues that she does not live at 8 Hanford Place and she was never served with the original summons and complaint filed in this action. She states that she has always lived at her childhood home which is the subject premises, 100 Wildey Street, Tarrytown, New York. She notes that 8 Hanford Place is the home of her mother-in-law and her mother-in-law’s mother. Further, Pena notes that she does not fit the description of the person served. She states that she has white skin, brown hair, was 58 at the time of service, is five feet, six inches tall and weighs 160 pounds.
In further support of her motion, Pena submits the affidavit of her mother-in-law Magda Nidis Pena who states that she lives at 8 Hanford Place with her 103-year-old mother. She *341 states that while she does not specifically remember if she was served with the summons and complaint, she also does not fit the description of the person served.
In opposition, plaintiff argues that Pena knew about the foreclosure and told him that she had received the summons and complaint during the November 2013 conversation. Further, plaintiff argues that since the amended complaint did not affect Pena it was not necessary to serve it upon her. Therefore, Pena’s time to answer expired on December 15, 2013 and she has been in default for two years.
Discussion
CPLR 3012 (“Service of pleadings and demand for complaint”) provides in relevant part:
“(a) Service of pleadings. The complaint may be served with the summons. A subsequent pleading asserting new or additional claims for relief shall be served upon a party who has not appeared in the manner provided for service of a summons. In any other case, a pleading shall be served in the manner provided for service of papers generally. Service of an answer or reply shall be made within twenty days after service of the pleading to which it responds.” (Emphasis supplied.)
Contrary to plaintiff’s arguments, pursuant to CPLR 3012 (a) when he amended his complaint he was required to serve Pena with the amended complaint in the manner provided for service of a summons or, at the very least, “serve [ ] [her] in the manner provided for service of papers generally.” Notably, “an amended pleading supersedes the original pleading” (see Felder v Wank, 227 AD2d 442, 442 [2d Dept 1996]; Stella v Stella, 92 AD2d 589 [2d Dept 1983]).
Although Pena did not appear in the action, she did inform plaintiff’s counsel in November 2013 that the premises were not vacant and to forward all mail to 100 Wildey Street, yet plaintiff did not serve Pena at that address in a “manner provided for service of a summons” nor mail her a copy of the amended complaint which is how papers are served generally. Consequently, in view of the fact that Pena was never properly served with the amended complaint, Pena’s motion to vacate the judgment of foreclosure and sale and to dismiss the amended complaint must be granted.
In view of the foregoing, the court need not address whether Pena was properly served with the original summons and *342 complaint. It notes, however, that in both the original complaint and amended complaint it alleges “KAREN PENA, has a principal residence or office to transact business located at 100 Wildey Street, Tarrytown, New York, 10591 or 8 Hanford Place, Tarrytown, New York, 10591, or 95 Beekman Ave. Apt. 3454, Sleepy Hollow, New York 10591.” Thus, it appears that plaintiff did not do his due diligence to ascertain Pena’s actual abode or usual place of business prior to instituting this action or upon filing the amended complaint. This is especially significant since in November 2013 plaintiff knew that Pena wished to have mail sent to 100 Wildey Street and that it was not vacant.
Accordingly, Pena’s motion to vacate the judgment of foreclosure and sale and to dismiss the amended complaint is granted.