■ ULM I HOLDING CORP., Respondent, v CRAIG ANTELL, Appellant, et al., Defendants. [66 NYS3d 233]—

Judgment, Supreme Court, New York County (Shlomo Hagler, J.), entered November 4, 2016, awarding plaintiff the aggregate amount of $439,881.85 as against defendant Craig Antell, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered June 10, 2016, which, inter alia, granted plaintiff's motion for summary judgment as against Antell, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

"Something more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature. . . . Although an expert's opinion is not required to establish a triable issue of fact regarding a forgery allegation,

where an expert is used to counter the moving party's prima facie proof, the expert opinion must be in admissible form and state with reasonable professional certainty that the signature at issue is not authentic" (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 384 [2004]).

Here, Supreme Court properly concluded that plaintiff landlord sustained its prima facie burden of showing that Antell breached the "good guy" guaranty he signed in connection with the commercial lease by providing a copy of the guaranty, which was notarized in a form consistent with Real Property Law § 309-a; an affidavit of the notary acknowledging his stamp and signature on the document; and an affidavit of Antell submitted in connection with another proceeding, acknowledging that he had signed the guaranty.

In opposition, Antell failed to submit evidence sufficient to raise a triable issue of fact. He provided only a bald assertion that the signature on the guaranty was a forgery and the unsworn report of an expert that there were differences between the signature on the guaranty and signatures on other documents. Under the circumstances here presented, the unsworn report is not in admissible form and may not be considered in opposition to the summary judgment motion, and Antell did not provide an acceptable excuse for failing to submit an expert report in admissible form (*see Bendik v Dybowski*, 227 AD2d 228, 229 [1st Dept 1996]). Concur—Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kahn and Moulton, JJ.