Board of Mgrs. of Ruppert Yorkville Towers Condominium v Hayden (2019 NY Slip Op 01335)





Board of Mgrs. of Ruppert Yorkville Towers Condominium v Hayden


2019 NY Slip Op 01335


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


8492N 153652/15

[*1] Board of Managers of Ruppert Yorkville Towers Condominium, Plaintiff-Respondent,
v
Carol Hayden, Defendant-Appellant.


Law Office of Stephen C. Silverberg, PLLC, Uniondale (Stephen C. Silverberg of counsel), for appellant.
Montgomery McCracken Walker & Rhoads LLP, New York (Kenneth H. Amorello of counsel), for respondent.



Appeal from order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 2, 2018, deemed appeal from judgment, same court and Justice, entered November 27, 2018 (CPLR 5520[c]), in favor of plaintiff and against defendant, and bringing up for review an order, same court and Justice, entered March 16, 2016, which, inter alia, granted plaintiff's motion for summary judgment on liability and dismissed defendant's affirmative defenses, unanimously affirmed, without costs.
Plaintiff is permitted by Real Property Law § 339-aa, and article V, § 7, of the condominium bylaws, to maintain this action notwithstanding the pendency of its cross claims against defendant in the foreclosure action brought by defendant's mortgage lender.
Defendant's remaining affirmative defenses were correctly dismissed on the ground that they were pleaded conclusorily (see 170 W. Vil. Assoc. V G & E Realty, Inc., 56 AD3d 372 [1st Dept 2008]). Moreover, defendant failed to raise a triable issue of fact as to the defenses.
In opposition to plaintiff's prima facie showing that defendant was required to pay the common and other charges and fees, that she failed to do so, and that she received notices of her arrears and did not object to them (see Federal Express Corp. v Federal Jeans, Inc., 14 AD3d 424 [1st Dept 2005]), defendant failed to raise an issue of fact.
Contrary to defendant's contention, the court properly considered plaintiff's records, including the tenant ledger (see CPLR 4518[a]; DeLeon v Port Auth. of N.Y. & N.J., 306 AD2d 146 [1st Dept 2003])). Plaintiff's witness testified that she was a corporate officer of plaintiff's managing agent, that she was familiar with and was a custodian of plaintiff's records, that the records were prepared in the ordinary course of plaintiff's business and were relied on by plaintiff, and that the entries in the records were made by persons with a business duty to prepare accurate records.
The Special Referee's calculation of damages is supported by the record (see Sichel v Polak, 36 AD3d 416 [1st Dept 2007]).
As defendant acknowledges, Penal Law § 190.40 is not applicable to the condominium's late penalty and interest charges, because those charges did not constitute interest "on the loan or forbearance of any money or other property." Moreover, defendant agreed to such charges when she purchased the unit, and could have avoided them by paying the invoices sent to her (see [*2]Board of Mgrs. of Cent. Park Place Condominium v Potoschnig, 111 AD3d 586 [1st Dept 2013]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK