Glueck v Starbucks Corp. (2019 NY Slip Op 04475)





Glueck v Starbucks Corp.


2019 NY Slip Op 04475


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Friedman, J.P., Tom, Kapnick, Kahn, JJ.


9556 154685/16

[*1]Grace Glueck, Plaintiff-Appellant,
v
Starbucks Corporation, et al., Defendants-Respondents.


The Turkewitz Law Firm, New York (Eric Turkewitz of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for Starbucks Corporation, respondent.
Shein & Associates, P.C., Syosset (Barry Montrose of counsel), for Partnership 92 West, L.P., respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered October 31, 2018, which granted defendants' motions for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
Defendants' motions for summary judgment were properly granted in this action where plaintiff alleges that she was injured when she tripped and fell while exiting defendants' premises; the entrance/exit to the premises has two steps outside the building. The record shows that plaintiff, who was walking with a cane, could not identify the cause or location of her fall, giving multiple versions of the accident, including stating that she had missed a step (see Fishman v Westminster House Owners, Inc., 24 AD3d 394 [1st Dept 2005]; Kane v Estia Greek Rest., 4 AD3d 189, 190 [1st Dept 2004]). Nor could the nonparty witnesses identify the location of plaintiff's accident, stating that they made assumptions as to where plaintiff may have fallen, but did not actually see her fall. Plaintiff was unable to identify any defective condition at the location of her fall, the photographs of the area in front of the premises depicted two steps, in good repair, and there were no cracked or broken surfaces or foreign substances.
Plaintiff's reliance on the report of an engineering expert, who opined that there were violations of New York City Building Codes of 1916 and 1938 and unspecified recent codes that incorporate a certain standard of the American National Standards Institute, is misplaced. The report is unsworn and is therefore inadmissible for the purposes of summary judgment (see Ulm I Holding Corp. v Antell, 155 AD3d 585, 586 [1st Dept 2017]). In any event, the report is speculative and conclusory (see Morrissey v New York City Tr. Auth., 100 AD3d 464 [1st Dept 2012]).
In view of the foregoing, plaintiff's cross motion for summary judgment on the issue liability was properly denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK