Maternity Wearhouse Inc. v Starr Indem. & Liab. Co. (2022 NY Slip Op 05925)

Maternity Wearhouse Inc. v Starr Indem. & Liab. Co.

2022 NY Slip Op 05925

Decided on October 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 20, 2022

Before: Gische, J.P., Kern, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 653782/19 Appeal No. 16495 Case No. 2021-04685 

[*1]Maternity Wearhouse Inc. Doing Business as Maternity Warehouse Inc., Plaintiff-Appellant,
v
Starr Indemnity & Liability Company, Defendant-Respondent.

Lerner, Arnold & Winston, LLP, New York (Anne Marie Bossart of counsel), for appellant.
Kelly & Curtis, LLP, New York (Andrew I. Mandelbaum of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 2, 2021, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court properly granted summary judgment to defendant, finding that plaintiff's claimed loss resulting from a June 2018 water leak was not covered by the insurance policy, which clearly provided an exclusion for floods caused by sewer line backup subject to a $2,000 limit. Defendant demonstrated prima facie, through an affidavit of the service manager of the plumbing company retained by plaintiff in June 2018, that the basement leak was caused by sewer line backup from wipes which caused a first-floor toilet to overflow. The service manager submitted the firm's invoice, which listed the services rendered to clear the line, and averred that plaintiff paid the bill, never complained that the leak had not been repaired, and never reported a broken pipe, all of which was within his personal knowledge (see DeLeon v Port Auth. of N.Y. & N.J., 306 AD2d 146, 146 [1st Dept 2003]). Defendant also submitted an affidavit of its adjuster that defendant reached its decision to deny coverage based on reports of its claims adjuster and a consulting engineer. Although the underlying reports were unsworn and therefore not admissible, the affidavits establish that after its investigation, the insurance company notified plaintiff of its conclusion that the leak was caused by a sewer line backup (see e.g. Ulm I Holding Corp. v Antell, 155 AD3d 585, 586 [1st Dept 2017]; CPLR 3212[b]).
In opposition, plaintiff submitted an affidavit of a plumber from a different company that was retained by the building owner in October 2018, some four months after the occurrence. That plumber averred that he discovered a broken pipe causing a leak, which he fixed at that time. Plaintiff offered no evidence in admissible form that any leak in the basement continued from the time the first plumber cleared the line in June 2018, to the time the owner retained the second plumber four months later. Thus, to the extent the second plumber attributed the June 2018 leak to a broken pipe, his claim had no factual basis in the record and amounted to speculation, which was insufficient to defeat defendant's motion for summary judgment (see Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]). Accordingly, the court correctly rejected the plumber's affidavit as not probative of the cause of the June 2018 leak.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2022