**Badmaev v Electronic Tech. Servs., Inc.**

2025 NY Slip Op 32495(U)

July 14, 2025

Supreme Court, New York County

Docket Number: Index No. 159722/2018

Judge: Arthur F. Engoron

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. ARTHUR F. ENGORON**                PART        37
                                        *Justice*

-----------------------------------------------------------------------X

AYUR BADMAEV, NAMRU SANDZHIEV,

                    Plaintiffs,

            - v -

ELECTRONIC TECHNOLOGY SERVICES, INC., INFINITE
SECURITY GROUP, LLC, ICAS ELECTRICAL SERVICES,
INC., INTERFACE CABLE ASSEMBLIES & SERVICES
CORP.,

                    Defendants.

----------------------------------------------------------------------X

ICAS ELECTRICAL SERVICES, INC., INTERFACE CABLE
ASSEMBLIES & SERVICES CORP.,

                    Plaintiffs,

            -against-

KONSTANTIN KIM, JOHN/JANE DOES 1 THROUGH 5,

                    Defendants.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159722/2018 |
| MOTION DATE | 08/15/2023 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595325/2022

The following e-filed documents, listed by NYSCEF document number (Motion 005) 122, 123, 124, 125,
126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146,
147, 148, 178, 179, 181, 182, 183, 184,

were read on this motion for                SUMMARY JUDGMENT              .

Upon the foregoing documents, and for the reasons stated hereinbelow, the motion, pursuant to
CPLR 3212, of plaintiffs, Ayur Badmaev and Namru Sandzhiev, for summary judgment is
denied.

Background

On March 22, 2022, plaintiffs filed an amended complaint against defendants, Electronic
Technology Services, Inc., Infinite Security Group, LLC, ICAS Electrical Services, and Interface
Cable Assemblies & Services Corp., asserting three causes of action: (1) overtime compensation;
(2) failure to pay wages; and (3) failure to adhere to public works contracts. NYCSEF Doc. No.
124.

On April 6, 2022, the only remaining defendants, ICAS Electrical Services, Inc. and Interface
Cable Assemblies & Services Corp. (collectively "ICAS"), answered with general denials, nine

[* 1]

affirmative defenses, and cross-claims for breach of contract, fraud, and attorney's fees. NYCSEF Doc. No. 125.

On August 15, 2023, plaintiffs moved, pursuant to CPLR 3212, for summary judgment on their third cause of action. NYCSEF Doc. No. 158.

Due to medical issues with ICAS' counsel, ICAS did not appear or serve opposition papers in response to plaintiffs' motion. NYCSEF Doc. No. 176. On January 10, 2024, this Court granted plaintiffs summary judgment. NYCSEF Doc. No. 147.

On March 8, 2024, ICAS' newly-appointed attorney appeared on their behalf and moved, inter alia, pursuant to CPLR 321(c) and 5015, to vacate the January 10, 2024 Decision and Order, or, pursuant to CPLR 2221, to renew the motion for summary judgment and afford ICAS at least 30 days to file opposition papers. NYCSEF Doc. No. 150.

On July 11, 2024, this Court granted ICAS' motion to the extent that plaintiffs' motion for summary judgment was renewed, this Court's January 10, 2024 Decision and Order was vacated, and ICAS was granted time to file opposition papers. NYCSEF Doc. No. 176.

In the instant motion for summary judgment on their third cause of action, plaintiffs argue that they are third-party beneficiaries of the Public Works contracts and may recover unpaid prevailing wages and benefits, and that no material issues of fact exist regarding ICAS' underpayment of prevailing wages. NYCSEF Doc. No. 140. In support, plaintiffs submit, inter alia: affidavits of plaintiffs, each of which state that "[t]his affidavit has been translated into Russian and I fully understand and agree with everything contained herein" (NYSCEF Doc. Nos. 126 ¶ 15, 127 ¶ 14); unsigned deposition transcripts of Yasha Katz ("Katz") and Konstantin Kim ("Kim") (NYSCEF Doc. Nos. 132-134); a signed but unsworn expert report of Steven Levine ("Levine"), in which Levine reviewed the contracts between the parties, the work performed, and relevant testimony to determine plaintiffs' appropriate electrician classification (NYSCEF Doc. No. 136); and various contracts and service tickets (NYSCEF Doc. Nos. 128-131).

In opposition, ICAS argues, inter alia, that plaintiffs have failed to produce any admissible evidentiary proof demonstrating the absence of triable issues of fact. NYCSEF Doc. No. 178. Specifically, ICAS contends that the following documents submitted by plaintiffs are inadmissible: the affidavits of Badmaev and Sandzhiev, because they were translated into a foreign language, and plaintiffs did not file an accompanying translator's affidavit; the Katz and Kim deposition testimonies, because neither deponent signed their respective deposition transcript; the contracts and service records, because plaintiffs have not authenticated them; plaintiffs' expert report, because it is unsworn; and plaintiffs' damages calculation and summaries, because they rely on the aforementioned inadmissible evidence. Id.

In reply, plaintiffs argue, inter alia, that: the expert report being unsworn is a technical defect that, pursuant to CPLR 2001, this Court should ignore; pursuant to CPLR 4540-a the contracts and service records should be presumed authenticated because ICAS created and produced them; the Katz and Kim transcripts are admissible because courts regularly consider unsigned deposition transcripts as admissible, and, pursuant to CPLR 3116, an unsigned deposition may be

[* 2]

used as though fully signed if not returned within sixty days; and that plaintiffs affidavits are admissible because courts have found that, while CPLR 2101(b) requires a translator's affidavit for documents translated *into* English, documents translated *from* English into a foreign language do not require an accompanying translator's affidavit. NYSCEF Doc. No. 181.

Discussion

In order to obtain summary judgment, the movant

> must establish its defense or cause of action sufficiently to warrant a court's directing judgment in its favor as a matter of law. The party opposing the motion, on the other hand, must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which the opposing claim rests. '[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient' for this purpose.

Gilbert Frank Corp. v Fed. Ins. Co., 70 NY2d 966, 967 (1988) (internal citations omitted).

The movant for summary judgment must establish its cause of action "by tender of evidentiary proof in admissible form." Zuckerman v New York, 49 NY2d 557, 562 (1980).

An expert report must be sworn to render it admissible. See Banco Popular N. Am. v Victory Taxi Mgt., Inc., 1 NY3d 381, 384 (2004) (holding that an unsworn export report was not evidentiary proof in admissible form); Brandimarte v Liat Holding Corp., 158 AD3d 664, 665 (2d Dept 2018); Ulm 1 Holding Corp. v Antell, 155 AD3d 585, 585 (1st Dept 2017); Redd v Juarbe, 124 AD3d 1274, 1276 (4th Dept 2015).

Here, plaintiffs submitted a signed but unsworn expert report by Levine. Although plaintiffs later submitted an affidavit by Levine swearing to the report's authenticity (NYSCEF Doc. No. 183), inadmissibility cannot be cured in reply papers. See Jackson-Cutler v Long, 2 AD3d 590, 590 (2d Dept 2003).

Accordingly, because the damages calculation relies on the inadmissible expert report, the damages owed by ICAS remain a material question of fact, and, thus, the motion for summary judgment should be denied.

Although, pursuant to CPLR 2001, courts have discretion to disregard mistakes, omissions, defects, or irregularities, because the inadmissible expert report precludes summary judgment at this stage, this Court declines to disregard the other admissibility issues in plaintiffs' papers.

Conclusion

Thus, the instant motion of plaintiffs Ayur Badmaev and Namru Sandzhiev for summary judgment against ICAS Electrical Services, Inc. and Interface Cable Assemblies & Services Corp. is hereby denied.

159722/2018 BADMAEV, AYUR vs. ELECTRONIC TECHNOLOGY
Motion No. 005

Page 3 of 4

[* 3]

Finally, as mentioned at oral argument, this case appears more than ripe for settlement, and the Court would be willing to preside over an in-person settlement conference. An email to chambers at SFC-Part37@nycourts.gov can get the ball rolling.

HON. ARTHUR F. ENGORON

7/14/2025
DATE

ARTHUR F. ENGORON, J.S.C.

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

159722/2018  BADMAEV, AYUR vs. ELECTRONIC TECHNOLOGY
Motion No. 005